In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00074-CR


____________________



LAYLA NASIBA RUBEN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 08-04198






MEMORANDUM OPINION


 Pursuant to a plea bargain agreement, appellant Layla Nasiba Ruben pled guilty to
possession of a controlled substance. The trial court found the evidence was sufficient to
find Ruben guilty, but deferred finding her guilty and placed her on community supervision
for three years. The State subsequently filed a motion to revoke Ruben's unadjudicated
community supervision. Ruben pled "true" to one alleged violation of the terms of her
community supervision. The trial court found that Ruben violated the conditions of her
community supervision, found her guilty, and orally pronounced a sentence of ten years of
confinement. We note that although the trial court orally pronounced a sentence of ten years,
the judgment recites that the trial court sentenced Ruben to three years of confinement. The
judgment, including the sentence assessed, is the written declaration and embodiment of the
oral pronouncement, and when there is a conflict, the oral pronouncement controls. Taylor
v. State, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). However, the parties do not complain
on appeal of the discrepancy between the oral pronouncement and the judgment; in fact, both
parties' briefs simply recite that the trial court sentenced Ruben to ten years of confinement. 
Upon reviewing the record and discovering the discrepancy between the oral pronouncement
and the judgment, we requested responses from the parties, and both parties agreed in their
responses that the oral pronouncement controls.

 Ruben's appellate counsel filed a brief that presents counsel's professional evaluation
of the record and concludes the appeal is frivolous. See Anders v. California, 386 U.S. 738,
87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). On April 30, 2009, we granted an extension of time for appellant to file a pro se brief. 
We received no response from the appellant. We reviewed the appellate record, and we
agree with counsel's conclusion that no arguable issues support the appeal. Therefore, we
find it unnecessary to order appointment of new counsel to re-brief the appeal. Compare
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). This Court has the authority
to reform the trial court's judgment to correct a clerical error. See Tex. R. App. P. 43.2(b);
Bigley v. State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). Therefore, in the section of the
judgment entitled "Punishment and Place of Confinement[,]" we delete the number "3" and
substitute the number "10" in its place. We affirm the trial court's judgment as reformed. (1)

 AFFIRMED AS REFORMED.


 _________________________________

 CHARLES KREGER

 Justice


Submitted on August 11, 2009

Opinion Delivered October 14, 2009

Do not publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.


1. Appellant may challenge our decision in this case by filing a petition for discretionary
review. See Tex. R. App. P. 68.