# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00488-CR

**Darrell Myhand, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 63241, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Darrell Myhand guilty of aggravated robbery and assessed his punishment at forty-five years' imprisonment and a $10,000 fine. *See* Tex. Penal Code Ann. § 29.03 (West 2003). In two issues, appellant contends that the evidence does not support the court's order that he pay appointed attorney's fees and that the judgment erroneously states that he is a habitual offender. We modify the judgment and affirm the conviction.

On the morning of December 20, 2007, a man entered a Guaranty Bank branch in Temple, approached teller Betty Dare, and told her that he wanted to cash a check. He then reached into the coveralls he was wearing, withdrew a pistol, and demanded money. Dare gave the man all the currency in her drawer except the one-dollar bills. The robber put the money in a pocket of his coveralls and left the bank. The robbery was recorded by the bank's video security system. After photographs of the robber taken from the security system were published, the police received information leading them to suspect appellant. Coveralls identical to the ones worn by the robber

were found behind the apartment complex where appellant had resided. Dare did not identify appellant in a photographic lineup two months after the robbery, but she did identify appellant at trial. Forty security system photographs, most clearly showing the robber's face and clothing, were also introduced in evidence.

In his first issue on appeal, appellant contends that the evidence does not support the trial court's order that he pay $6540 in attorney's fees. The defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of appointed attorney's fees under article 26.05(g). Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2009); *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). No trial objection is required to challenge the sufficiency of the evidence regarding the defendant's ability to pay. *Id*. When the evidence does not support the order to pay attorney's fees, the proper remedy is to delete the order. *Id*. at 557.

The State concedes that there is no evidence that appellant is able to pay his appointed attorney's fees. The State contends, however, that appellant was not ordered to do so. While imposing sentence orally in open court, the trial court ordered appellant to pay his fine "as well as all court costs and court appointed attorney's fees and any restitution if there is any." The formal written judgment of conviction contains the finding "$6540.00 Attorney Fees," but the judgment does not explicitly order appellant to pay these fees.

The trial court clearly intended that appellant pay attorney's fees and orally ordered him to do so. When there is a conflict between the sentence pronounced orally in open court and the sentence contained in the formal judgment, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). In the absence of any evidence that appellant is able

2

to pay, we conclude that the trial court's judgment should be modified to delete the finding "$6540.00 Attorney Fees."

The trial court's judgment also states that appellant was convicted of a "1st degree felony enhanced to habitual." In fact, although the indictment alleged two previous felony convictions, both were on the same date and therefore do not satisfy the statutory requirements for habitual offender punishment. *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2009). Appellant pleaded true to the enhancement allegations, and the court's punishment charge correctly instructed the jury to assess punishment for a first-degree felony enhanced by one previous felony conviction. *See id*. § 12.42(c)(1). Once again, the proper remedy is to modify the judgment to delete "1st degree felony enhanced to habitual" and substitute "1st degree felony repeat offender."

As modified above, the judgment of conviction is affirmed.[1]

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Modified and, as Modified, Affirmed

Filed: August 4, 2010

Do Not Publish

---

[1] The Clerk has received a number of pro se motions from appellant, and they have been reviewed by the Court. These motions will be deemed filed on the dates they were received, and they are overruled.

3