**Ronald Ray TAYLOR, Appellant,**

v.

**The STATE of Texas.**

**No. 1327–03.**

Court of Criminal Appeals of Texas.

April 7, 2004.

---

**18.** TEX. CONST. art. V, § 5(b) (emphasis added).

**19.** *See* TEX. CONST. art. I, § 11a.

**20.** *See Kutzner v. State, supra* note 17.

April E. Smith, Mesquite, for appellant.

Charles Patrick Reynolds and Matthew R. Filpi, Assistant District Attorneys, Dallas, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

KEASLER, J., delivered the opinion for a unanimous Court.

The order deferring adjudication of Ronald Taylor's guilt contained a fine of $300, which the judge orally pronounced at that time. Later, when Taylor's guilt was adjudicated, the judge did not orally pronounce a fine but included the $300 fine within the written judgment. While this action would be permissible in a case involving regular probation, we conclude that the fine must be deleted in this case because of the unique circumstances of deferred adjudication.

### Facts and Procedural History

Taylor was charged with sexual assault. After a jury was selected, he pleaded guilty pursuant to a plea agreement for 10 years' deferred adjudication probation and a fine of $300. The judge told Taylor that the fine needed "to be paid as a term and condition of probation." He also told Taylor that if Taylor violated any condition of probation, the judge could adjudicate his guilt and set his punishment "somewhere within the range provided by law of two years in prison up to 20 years in prison and a fine of up to $10,000."

The trial judge then entered a "Deferred Adjudication Order" which detailed the terms of the plea bargain as "10 yrs probation fine $300.00." The order stated the "period of supervision" as "10—years and a fine of $300.00." The order further stated, "Fine probated: No." The order's form language stated that the interest of society and Taylor would best be served by "deferring further proceedings without

entering an adjudication of guilt." It ordered that Taylor be placed on community supervision and "further ordered" that Taylor "pay the fine assessed, if any, unless payment of the fine has been probated." The conditions of probation accompanying the order instructed Taylor to "pay a fine in the amount of $300.00 through the community supervision officer of this court at the rate of $20.00 per month."

As Taylor's probation progressed, the State twice moved to adjudicate, but the judge continued Taylor on probation. The State's third motion to adjudicate alleged, among other things, that Taylor had not paid his fine. Taylor entered an open plea of true to the allegations, admitting that he failed to pay the fine. At the hearing, the judge was "concern[ed]" that it was Taylor's "third time ... back here." The judge concluded that Taylor was "not the best candidate for community supervision" and granted the State's motion. He adjudicated Taylor's guilt and sentenced him to four years in prison.

The judgment adjudicating guilt sentenced Taylor to four years confinement and a fine of $300.00. It stated that "the order deferring adjudication of guilt, and placing defendant on community supervision heretofore entered in this case be, and the same is hereby set aside and of no further force and effect."

Taylor filed a motion for new trial which the judge overruled. He then appealed, arguing that the judgment should be reformed to delete the fine since the trial judge did not orally pronounce the fine at the time of adjudication. The Court of Appeals agreed.[1] It recognized that a conflict exists among the courts of appeals on this issue and opted to follow *Abron v. State*,[2] expressly disagreeing with *Laury v. State*.[3] The court concluded that the fine was improperly imposed and modified Taylor's judgment to delete the fine.[4]

We granted the State's petition for discretionary review which asks whether a non-probated fine, assessed when the defendant is placed on deferred adjudication probation, may be included in the judgment adjudicating guilt even though the fine was not re-pronounced at the adjudication hearing.

## Analysis

This case brings us to the intersection of two bodies of law: our deferred adjudication law and our law regarding the pronouncement of sentence. We begin with deferred adjudication.

### *Deferred Adjudication*

Deferred adjudication is one of many options available to trial courts in criminal cases. When applicable, the judge may "defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision."[5] The judge "may impose a fine applicable to the offense."[6] If the defendant violates a condition of community supervision, the court may proceed to adjudicate guilt and assess punishment.[7]

We have noted that "the true objective" of deferred adjudication "is to divert the

1. *Taylor v. State*, 109 S.W.3d 844 (Tex.App.-Eastland 2003).

2. 997 S.W.2d 281 (Tex.App.-Dallas 1998, pet. ref'd).

3. 100 S.W.3d 530 (Tex.App.-El Paso 2003, no pet.).

4. *Taylor*, 109 S.W.3d at 847–48.

5. TEX.CODE CRIM. PROC. Art. 42.12, § 5(a).

6. *Id.*

7. *Id.* at § 5(b).

accused from the gauntlet run of the criminal justice system" and to allow the judge to "enter into a clearly understood pact with the accused that will induce and persuade him to follow the diversionary road."[8] During that time, there is no finding of guilt[9] and no final conviction.[10] Instead, the judge makes a finding that the evidence "substantiates the defendant's guilt" and then defers the adjudication.[11] The case is "temporarily stilled and the accused . . . [is] permitted an opportunity to demonstrate his capacity for prescribed good behavior during a specified period."[12] If the defendant succeeds, the case, for most purposes, "disappears."[13] If he fails, the case continues on as if it had never been interrupted.

■ A defendant obviously "reaps the main benefit of deferred adjudication if the period of community supervision is successfully completed without the judge's proceeding to adjudicate guilt."[14] In those circumstances, the proceedings are dismissed, the defendant is discharged, and the defendant is deemed not to have a conviction for many purposes.[15]

## Pronouncement of Sentence

■ A defendant's sentence must be pronounced orally in his presence.[16] The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement.[17] When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls.[18]

In *Coffey v. State*,[19] we addressed a situation similar to the one in this case. There, the order placing the defendant on probation contained a non-probated fine of $750. When the defendant's probation was revoked, the court's judgment also contained the fine, although it had not been re-pronounced at the revocation hearing. We held this to be proper because the fine "was imposed when punishment was assessed at the original plea proceeding. Therefore, such fine was appropriately included in the judgment revoking probation."[20]

But there is one crucial difference between *Coffey* and this case—*Coffey* in-

8. *Ex parte Hernandez*, 705 S.W.2d 700, 702 (Tex.Crim.App.1986) (*quoting McIntyre v. State*, 587 S.W.2d 413, 417 (Tex.Crim.App. 1979)).

9. *Id.; Donovan v. State*, 68 S.W.3d 633, 636 (Tex.Crim.App.2002)

10. *Jordan v. State*, 36 S.W.3d 871, 876 (Tex. Crim.App.2001); *McNew v. State*, 608 S.W.2d 166, 172 (Tex.Crim.App.1978).

11. *Donovan v. State*, 68 S.W.3d at 636.

12. *Hernandez*, 705 S.W.2d at 702.

13. *Id. But see* Art. 42.12, § 5(c)(1) (successfully completed deferred adjudication admissible at punishment phase of subsequent conviction); TEX. PENAL CODE § 12.42(g) (*successfully completed deferred adjudication available for enhancement of punishment in certain circumstances*).

14. *Davis v. State*, 968 S.W.2d 368, 369–70 (Tex.Crim.App.1998).

15. *Id. But see* footnote 10.

16. Art. 42.03, § 1(a); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex.Crim.App.2002).

17. Art. 42.01, § 1; *Madding*, 70 S.W.3d at 135.

18. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex.Crim.App.2003); *Madding*, 70 S.W.3d at 135; *Coffey v. State*, 979 S.W.2d 326, 328 (Tex.Crim.App.1998).

19. 979 S.W.2d at 328–29.

20. *Id.* at 329.

volved regular probation and this case involves deferred adjudication probation.

### The intersection

As the Court of Appeals recognized, Texas courts of appeals are split on whether *Coffey* applies to deferred adjudication. In *Abron v. State*, the Dallas Court of Appeals faced similar facts and concluded that *Coffey* did not apply.[21] There, the order deferring adjudication assessed a $2,000 fine as a condition of community supervision. When the judge later adjudicated the defendant's guilt, he did not orally pronounce the fine but did include the fine in the written judgment. The defendant argued that the judge had violated Art. 42.03 by imposing a fine as part of the sentence without orally pronouncing that part of the sentence in the defendant's presence.

The appellate court began by noting that, in the context of regular probation, *Coffey* held that an unprobated fine orally imposed at the original plea hearing survives revocation even if not later repronounced.[22] But the court then acknowledged that when an accused receives deferred adjudication, no sentence is imposed.[23] When guilt was adjudicated in that case, the judgment stated that it "sets aside the underlying deferred adjudication order and declares it to be 'of no further force and effect.'" As a result, the court concluded that *Coffey* did not control a case in which adjudication is deferred.[24] It held that the defendant was entitled to have his sentence pronounced orally in his presence, and the oral pronouncement controls when there is a conflict between it and the written judgment.[25] Since the trial court had not assessed the fine as part of the defendant's sentence after guilt was adjudicated, the appellate court deleted it.[26]

The Dallas Court of Appeals elaborated in *McCoy v. State*.[27] There, the court faced similar facts, except that in *McCoy*, the fine was expressly not probated. The State contended there, as it does here, that this fact made the case more like *Coffey* than *Abron*. The court of appeals disagreed.[28] The court pointed out that, whether the fine was probated or not, "[a]fter an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence ... continue as if the adjudication of guilt had not been deferred. Thus, once a trial court adjudicates a defendant's guilt after previously deferring adjudication, the entire range of punishment is open to the court."[29] Since the order adjudicating guilt "sets aside" the order deferring adjudication, there is no longer a fine imposed on the defendant. The court concluded that "[t]his differs from the revocation of a probated sentence, where a previously announced sentence is imposed by the trial court; any fine assessed at the time the sentence was probated need not be repronounced."[30]

21. 997 S.W.2d at 282.

22. *Id.*

23. *Id.*

24. *Id.*

25. *Id.*

26. *Id.*

27. 81 S.W.3d 917 (Tex.App.-Dallas 2002, pet. ref'd).

28. *Id.* at 919.

29. *Id.* (internal citations and italics omitted).

30. *Id.*

In contrast is *Laury v. State*.[31] There, the El Paso Court of Appeals faced similar facts, again with an expressly non-probated fine. That court concluded, however, that the fact that the fine was not probated distinguished the case from *Abron* and rendered it more similar to *Coffey*.[32] The court therefore decided that the fine was still valid even though not re-imposed when guilt was adjudicated.[33] The court did not discuss the differences between deferred adjudication and regular probation.

 We agree with the Court of Appeals and conclude that the *Laury* court misses a critical distinction between deferred adjudication and regular probation. As the court acknowledges, when an accused receives deferred adjudication, no sentence is imposed. Then, when guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine. This is in stark contrast to regular probation, where the sentence is imposed but suspended when probation is granted. It is true that there are some similarities, in the appellate context, between regular probation and deferred adjudication probation.[34] Nevertheless, as we recently recognized in *Donovan v. State*,[35] "[t]he fact that deferred adjudication defendants are given the same right to appeal does not mean that they are treated the same as regular probation defendants in other respects."[36]

In this case, the order granting Taylor deferred adjudication was set aside. Taylor was not sentenced until his guilt was adjudicated. At that time, the judge did not orally pronounce a fine, but included a fine within the written judgment. When there is a conflict between the two, the oral pronouncement controls.[37] Since the judge did not orally assess a fine as part of Taylor's sentence when guilt was adjudicated, the Court of Appeals was correct to delete the fine from the judgment.

## Conclusion

We affirm the judgment of the Court of Appeals.

---

**31.** 100 S.W.3d at 533.

**32.** *Id.*

**33.** *Id.*

**34.** *See, e.g., Watson v. State,* 924 S.W.2d 711 (Tex.Crim.App.1996); *Vidaurri v. State,* 49 S.W.3d 880 (Tex.Crim.App.2001).

**35.** 68 S.W.3d at 636–37.

**36.** *Id.*

**37.** *Thompson,* 108 S.W.3d at 290; *Madding,* 70 S.W.3d at 135; *Coffey,* 979 S.W.2d at 328.