# NO. 12-08-00017-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KELLY SMITH,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kelly Smith appeals his conviction for assault-family violence. Appellant entered a guilty plea without benefit of a plea bargain. The trial court found him guilty and assessed punishment at fifteen years of imprisonment. In his sole issue, Appellant asserts the judgment fails to reflect the amount of restitution ordered by the trial court. We modify the judgment and affirm as modified.

## BACKGROUND

Appellant pleaded guilty to the offense of assault-family violence. At the sentencing hearing, the trial court orally pronounced punishment at fifteen years of imprisonment. The court specifically stated that no fine is assessed, court costs are ordered paid, and restitution is ordered in the amount determined to be due by the presentence investigation, $709.88, to cover the costs of ambulance service required by the victim. The judgment, instead of stating the amount of restitution ordered, states "TO BE DETERMINED."

## ANALYSIS

A defendant's sentence must be pronounced orally in his presence. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (Vernon Supp. 2008). The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement. *Taylor v. State*, 131 S.W.3d

497, 500 (Tex. Crim. App. 2004). When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls. *Id*. This court has the authority to modify incorrect judgments when the necessary information is available to do so. *See* TEX. R. APP. P. 43.2(b). Here, the trial court's oral pronouncement included restitution in the amount of $709.88. Therefore, the judgment should reflect that Appellant is to pay restitution in the amount of $709.88. We sustain Appellant's sole issue.

## DISPOSITION

Because the written judgment must conform to the oral pronouncement of sentence, we modify the trial court's judgment to state that Appellant is ordered to pay $709.88 in restitution.

The trial court's judgment is *affirmed* as *modified*.


                                                    __JAMES T. WORTHEN__
                                                        Chief Justice


Opinion delivered July 31, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)


2