TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00211-CR







Joseph Delmarco Carter, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 63925, HONORABLE JOE CARROLL, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Appellant Joseph Delmarco Carter pleaded guilty to stealing property worth $1500
or more. See Tex. Penal Code Ann. § 31.03(a), (e)(4)(A) (West Supp. 2009). The district court
adjudged appellant guilty and sentenced him to twenty months in state jail. The only issue on appeal
is whether the court's judgment awards the correct amount of jail time credit. Finding that no error
is presented, we affirm.

At the conclusion of the sentencing hearing, the court announced its sentence as
follows:


All right, Mr. Carter, I've read your reports, I've listened to your testimony
and I'm going to find you guilty and assess your punishment at 20 months
confinement in state jail.


I'm not sure how much credit you're entitled to because you've been in and
out of jail so much, but this offense occurred July the 7th of '08. So, if you'll go
back and figure up how much credit you're entitled to since July the 7th of '08, I'll
give you credit for all of those days.



Appellant's counsel told the court that he would do this. The court's written judgment gives
appellant credit for time spent in jail from January 12 to March 9, 2009.

Appellant contends that the written judgment does not conform to the court's oral
pronouncement regarding jail time credit. See Taylor v. State, 131 S.W.3d 497, 500 (Tex. Crim.
App. 2004). Appellant argues that the court's comments indicate that appellant had multiple
incarcerations, yet the written judgment gives him credit for only one period of incarceration. 
Appellant asks the Court to remand the cause to the trial court so that the proper amount of jail time
credit can be calculated.

At the time appellant entered his plea, there was a question regarding bail pending
sentencing. In this connection, the prosecutor remarked without contradiction by defense counsel
that "[t]he warrant on this case was issued, I believe, back in August, and it took a really long time
for him to get arrested." The record reflects that January 12, 2009, was the day before appellant was
taken before a magistrate. March 9 was the sentencing date.

The trial court stated that appellant had been "in and out of jail," but the court did not
state that all of these periods of incarceration were in this case. The court plainly did not know how
much jail time credit appellant was due, as he asked defense counsel to make that determination. 
The court stated that appellant would be given all the jail time credit to which he was entitled, and
there is nothing in the record to indicate that this was not done. The time credit awarded in the
judgment has not been shown to be incorrect, nor has appellant shown any reason to remand this
cause to the district court.

The issue is overruled, and the judgment of conviction is affirmed.



 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: December 3, 2009

Do Not Publish