# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00211-CR

**Joseph Delmarco Carter, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 63925, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Joseph Delmarco Carter pleaded guilty to stealing property worth $1500 or more. *See* Tex. Penal Code Ann. § 31.03(a), (e)(4)(A) (West Supp. 2009). The district court adjudged appellant guilty and sentenced him to twenty months in state jail. The only issue on appeal is whether the court's judgment awards the correct amount of jail time credit. Finding that no error is presented, we affirm.

At the conclusion of the sentencing hearing, the court announced its sentence as follows:

> All right, Mr. Carter, I've read your reports, I've listened to your testimony and I'm going to find you guilty and assess your punishment at 20 months confinement in state jail.
>
> I'm not sure how much credit you're entitled to because you've been in and out of jail so much, but this offense occurred July the 7th of '08. So, if you'll go

back and figure up how much credit you're entitled to since July the 7th of '08, I'll give you credit for all of those days.

Appellant's counsel told the court that he would do this. The court's written judgment gives appellant credit for time spent in jail from January 12 to March 9, 2009.

Appellant contends that the written judgment does not conform to the court's oral pronouncement regarding jail time credit. *See Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). Appellant argues that the court's comments indicate that appellant had multiple incarcerations, yet the written judgment gives him credit for only one period of incarceration. Appellant asks the Court to remand the cause to the trial court so that the proper amount of jail time credit can be calculated.

At the time appellant entered his plea, there was a question regarding bail pending sentencing. In this connection, the prosecutor remarked without contradiction by defense counsel that "[t]he warrant on this case was issued, I believe, back in August, and it took a really long time for him to get arrested." The record reflects that January 12, 2009, was the day before appellant was taken before a magistrate. March 9 was the sentencing date.

The trial court stated that appellant had been "in and out of jail," but the court did not state that all of these periods of incarceration were in this case. The court plainly did not know how much jail time credit appellant was due, as he asked defense counsel to make that determination. The court stated that appellant would be given all the jail time credit to which he was entitled, and there is nothing in the record to indicate that this was not done. The time credit awarded in the

2

judgment has not been shown to be incorrect, nor has appellant shown any reason to remand this cause to the district court.

The issue is overruled, and the judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed:   December 3, 2009

Do Not Publish

3