In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00468-CR


NO. 09-09-00469-CR


____________________



PATRICK BROWN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 08-03946 and 08-04102






MEMORANDUM OPINION


 These are appeals from the revocation of deferred adjudication community
supervision and imposition of sentence. We affirm the trial court's judgments as modified.

 Pursuant to plea bargain agreements, appellant Patrick Brown pled guilty to two
charges of burglary of a building. In both cases, the trial court found the evidence sufficient
to find Brown guilty, but deferred further proceedings and placed Brown on community
supervision for five years. The State subsequently filed a motion to revoke Brown's
unadjudicated community supervision in each case. In both cases, Brown pled "true" to two
violations of the conditions of his community supervision.

 In each case, the trial court found that Brown violated the conditions of his community
supervision and found him guilty. In trial cause number 08-03946, the trial court orally
pronounced a sentence of two years of confinement in a state jail facility; however, the trial
court's judgment states that Brown's sentence is five years of confinement in a state jail
facility. In trial cause number 08-04102, the trial court pronounced a sentence of two years
of confinement in a state jail facility, and ordered that the sentence would run consecutively
to Brown's sentence in cause number 08-03946.

 On appeal, Brown argues that his sentence in trial cause number 08-03946 exceeds
the permissible maximum punishment for the offense, and that the cumulative sentence in
trial cause number 08-04102 is void because the sentence upon which it is stacked exceeds
the maximum permissible punishment. (1) A trial court's judgment, including the sentence
assessed, is the written declaration and embodiment of its oral pronouncement, and when
there is a conflict, the oral pronouncement controls. Taylor v. State, 131 S.W.3d 497, 500
(Tex. Crim. App. 2004). As previously stated, the trial court orally pronounced a sentence
of two years of confinement in a state jail facility, which is the maximum punishment 
authorized by statute for burglary of a building. See Tex. Pen. Code Ann. § 12.35(a)
(Vernon Supp. 2009) (a state jail felony shall be punished by confinement in a state jail for
any term of not more than two years or less than 180 days); Tex. Pen. Code Ann.
§ 30.02(c)(1) (Vernon 2003) (burglary of a building is a state jail felony). This Court has the
authority to reform the trial court's judgment to correct a clerical error. See Bigley v. State,
865 S.W.2d 26, 27 (Tex. Crim. App. 1993). Therefore, in trial cause number 08-03946, we
delete "5 years state jail division" from the section of the judgment entitled "Punishment and
Place of Confinement" and substitute "2 years state jail division" in its place.

 We also note that in trial cause number 08-04102, although Brown pleaded guilty to
burglary of a building, the trial court's judgment cites the statute for engaging in organized
criminal activity. Therefore, in trial cause number 08-04102, we delete "71.02 Penal Code"
from the section of the judgment entitled "Statute for Offense" and substitute "30.02 Penal
Code" in its place. We affirm the trial court's judgments as reformed.

 AFFIRMED AS REFORMED.


 _________________________________

 STEVE McKEITHEN Chief Justice

 

Submitted on February 10, 2010

Opinion Delivered February 17, 2010

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Brown states that the trial court failed to comply with Section 3.03 of the Penal
Code. See Tex. Pen. Code Ann. § 3.03 (Vernon Supp. 2009). However, the only argument
Brown briefed is his contention that the cumulative sentence is void because the sentence
upon which it is stacked exceeds the maximum permissible punishment.