# NOS. 12-09-00327-CR
# 12-09-00328-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CORDERO KYLE BECK,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Cordero Kyle Beck appeals his convictions and sentences for the offenses of aggravated robbery (trial court cause number 114-0542-09) and engaging in organized criminal activity (trial court cause number 114-0543-09). He raises two issues on appeal. We modify the judgment, and as modified, affirm.

## BACKGROUND

In September, 2009, Appellant was tried in a single proceeding for aggravated robbery and engaging in organized criminal activity. Appellant entered an open plea of guilty and requested that the trial court determine punishment. Following a hearing on punishment, the trial court assessed punishment at thirty years of imprisonment on each offense, to be served concurrently. Appellant timely appealed.

## JUDGMENT

In Appellant's two issues, he asks that we reform both of the trial court's judgments to accurately reflect the proceedings at trial. The State has joined Appellant in this request.

**Applicable Law**

A defendant's sentence must be pronounced orally in his presence. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (Vernon Supp. 2009). The judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls. *Id.* This court has the authority to modify incorrect judgments when the necessary information is available to do so. *See* TEX. R. APP. P. 43.2(b).

**Discussion**

In Appellant's first issue, he argues that the trial court erred because both of its judgments state that the "Terms of Plea Bargain" were "THIRTY (30) YEARS IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE." The record shows that Appellant entered an open guilty plea, not a negotiated plea. Accordingly, we sustain Appellant's first issue.

In his second issue, Appellant contends that the trial court erred because its written judgments state that he must pay restitution in an amount "To Be Determined." When the trial court pronounced sentence for both offenses, it did not mention restitution or set an amount. There was no evidence in the record to establish any amount of restitution. Therefore, we sustain Appellant's second issue.

**DISPOSITION**

We have sustained both of Appellant's issues for trial court cause numbers 114-0542-09 and 114-0543-09. Accordingly, we modify the trial court's judgments to show Appellant entered an open plea. *See Olivares v. State*, Nos. 05-04-00511-CR, 05-04-00512-CR, 05-04-00513-CR, 05-04-00514-CR, 2004 WL 2384263, at *2 (Tex. App.—Dallas Oct. 26, 2004, pet. ref'd) (not designated for publication) (modifying judgment to reflect defendant's plea was "open" rather than negotiated plea with "terms of plea bargain" as "40 years TDC"). We also modify the trial court's judgments to delete any reference to restitution. *See Taylor*, 131 S.W.3d at 502 (affirming deletion of fine from judgment where fine was not assessed when sentence was orally pronounced); *see also Gibson v. State*, No. 03-07-00191-CR, 2007 WL 4207824, at *3 (Tex. App.—Austin Nov. 29, 2007, no pet.) (mem. op., not designated for publication) (modifying

written judgment to delete "to be determined" following "restitution" when restitution not ordered).  As *modified*, we *affirm* the judgments of the trial court.


**B<span>RIAN</span> H<span>OYLE</span>**
Justice

Opinion delivered July 7, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)

3
