NOS. 12-09-00327-CR

          12-09-00328-CR

 

                         IN THE COURT OF APPEALS         

 

            TWELFTH COURT
OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

CORDERO
KYLE BECK,                                 '                 APPEAL
FROM THE 114TH

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS







MEMORANDUM
OPINION

Cordero Kyle Beck
appeals his convictions and sentences for the offenses of aggravated robbery
(trial court cause number 114-0542-09) and engaging in organized criminal
activity (trial court cause number 114-0543-09).  He raises two issues on
appeal.  We modify the judgment, and as modified, affirm. 

 

Background

            In September, 2009,
Appellant was tried in a single proceeding for aggravated robbery and engaging
in organized criminal activity.  Appellant entered an open plea of guilty and
requested that the trial court determine punishment.  Following a hearing on
punishment, the trial court assessed punishment at thirty years of imprisonment
on each offense, to be served concurrently.  Appellant timely appealed.

 

Judgment

In Appellant’s two
issues, he asks that we reform both of the trial court’s judgments to
accurately reflect the proceedings at trial.  The State has joined Appellant in
this request.

Applicable Law

A defendant’s
sentence must be pronounced orally in his presence.  Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a) (Vernon Supp. 2009).
 The judgment, including the sentence assessed, is merely the written
declaration and embodiment of that oral pronouncement.  Taylor v. State,
131 S.W.3d 497, 500 (Tex. Crim. App. 2004).  When there is a conflict between
the oral pronouncement of sentence and the sentence in the written judgment,
the oral pronouncement controls.  Id.  This court has the
authority to modify incorrect judgments when the necessary information is
available to do so.  See Tex. R.
App. P. 43.2(b).

Discussion

In Appellant’s
first issue, he argues that the trial court erred because both of its judgments
state that the “Terms of Plea Bargain” were “THIRTY (30) YEARS IN THE TEXAS
DEPARTMENT OF CRIMINAL JUSTICE.”  The record shows that Appellant entered an
open guilty plea, not a negotiated plea.  Accordingly, we sustain Appellant’s
first issue.

In his second
issue, Appellant contends that the trial court erred because its written
judgments state that he must pay restitution in an amount “To Be Determined.”  When
the trial court pronounced sentence for both offenses, it did not mention
restitution or set an amount.  There was no evidence in the record to establish
any amount of restitution.  Therefore, we sustain Appellant’s second issue.  

 

Disposition

            We have sustained both
of Appellant’s issues for trial court cause numbers 114-0542-09 and 114-0543-09. 
Accordingly, we modify the trial court’s judgments to show Appellant entered an
open plea.  See Olivares v. State, Nos. 05-04-00511-CR,
05-04-00512-CR, 05-04-00513-CR, 05-04-00514-CR, 2004 WL 2384263, at *2 (Tex.
App.—Dallas Oct. 26, 2004, pet. ref’d) (not designated for publication)
(modifying judgment to reflect defendant’s plea was “open” rather than
negotiated plea with “terms of plea bargain” as “40 years TDC”).  We also
modify the trial court’s judgments to delete any reference to restitution.  See
Taylor, 131 S.W.3d at 502 (affirming deletion of fine from judgment
where fine was not assessed when sentence was orally pronounced); see also Gibson
v. State, No. 03-07-00191-CR, 2007 WL 4207824, at *3 (Tex. App.—Austin
Nov. 29, 2007, no pet.) (mem. op., not designated for publication) (modifying
written judgment to delete “to be determined” following “restitution” when
restitution not ordered).  As modified, we affirm
the judgments of the trial court.  

 

 

                                                                                                Brian Hoyle

                                                                                                     
  Justice

 

 

Opinion delivered July 7, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 


)