NO. 07-10-0384-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 8, 2011

RONALD LAWSON FRANS, II,

Appellant

v.

THE STATE OF TEXAS,

Appellee

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 10,249; HONORABLE WILLIAM D. SMITH, PRESIDING

*Memorandum Opinion*

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

Appellant, Ronald Lawson Frans II, appeals his two convictions for aggravated sexual assault of a child and his two convictions for indecency with a child. Through his first several issues, he contends that the State failed to prove he penetrated the child's sexual organ as alleged in the indictment. His last two issues concern the accuracy of the sentence memorialized in the written judgment; that is, it purports to levy fines for

---

[1]John T. Boyd, Senior Justice, sitting by assignment.

each conviction though such fines went unmentioned when sentence was orally pronounced in open court. We affirm the judgment as modified.

Regarding whether the State proved appellant penetrated his victim's sexual organ, appellant admitted to rubbing the child's clitoris. The clitoris lies within or under the upper portions of the labia. Thus, rubbing it involved some measure of penetration through the external folds of the labia into the vaginal cavity. And, because it did, the record contained some evidence upon which a rational jury could deduce, beyond resonable doubt, that appellant penetrated the child's sexual organ. *See Luna v. State*, 515 S.W.2d 271, 273 (Tex. Crim. App. 1974) (noting that evidence of the slightest penetration is sufficient to uphold a conviction, so long as it has been shown beyond a reasonable doubt); *see also Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992) (stating that mere contact with the outside of an object does not amount to a penetration of it, but the pushing aside and reaching beneath a natural fold of skin into an area of the body not usually exposed to view, even in nakedness, is a significant intrusion beyond mere external contact and sufficient to constitute penetration).

As for the allegation concerning the variance between the sentence as pronounced in open court and expressed in the written judgment, the record discloses such a difference. The trial court orally pronounced the assessment of a $10,000 fine *viz* Count I but failed to mention a fine when orally sentencing appellant on the remaining three counts. Furthermore, the State agreed that this occurred and that it constituted error.

A defendant's sentence must be pronounced orally in his presence. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When there is a conflict between

2

the oral pronouncement and the written sentence appearing in the judgment, the former controls. *Id.* Therefore, we modify the judgment to remove reference to the imposition of $10,000 fines as part of the sentences relating to appellant's convictions under counts two, three and four of the indictment.

The trial court's judgment is affirmed as modified.


Brian Quinn
Chief Justice

Do not publish.