In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00465-CR**
_____

**JOSHUA CHRISTOPHER CHILDS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 11-11925**

**MEMORANDUM OPINION**

This is an appeal from the revocation of deferred adjudication community supervision and imposition of sentence. In three appellate issues, appellant Joshua Christopher Childs challenges the trial court's imposition of a $1000 fine. We affirm the trial court's judgment as modified.

Pursuant to a plea bargain agreement, Childs pleaded guilty to burglary of a habitation. The trial court found the evidence sufficient to find Childs guilty, but deferred further proceedings, placed Childs on community supervision for five years, and assessed a fine of $1000. The State subsequently filed a motion to

1

revoke Childs's unadjudicated community supervision. Childs pleaded "true" to one violation of the conditions of his community supervision. The trial court found that Childs violated the conditions of his community supervision, found Childs guilty of burglary of a habitation, and assessed punishment at seven years of confinement.

Although the first page of the trial court's judgment does not list a fine, the second page of the judgment reflects that the trial court imposed a fine of $1000. As mentioned above, Childs raises three appellate issues related to the imposition in the written judgment of a fine that was not orally pronounced at sentencing. The State confesses error.

When pronouncing sentence, the trial court stated as follows:

> In Cause No. 11925, I find the evidence to be sufficient to find Count 1 to be true. It is true. I hereby revoke your unadjudicated probation. I now find you guilty of the offense of burglary of a habitation. You are guilty. I assess your punishment at seven years' confinement in the Institutional Division. You will receive credit for any and all time that you're entitled to by law.

The trial court did not include a fine in its oral pronouncement.

"[S]entence shall be pronounced in the defendant's presence." Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a) (West Supp. 2012).[1] The judgment, including the sentence assessed, is merely the written declaration and embodiment of the trial

---

[1]Because the amendments to article 42.03 are not material to this case, we cite to the current version.

court's oral pronouncement. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When the oral pronouncement of sentence and the written judgment differ, the oral pronouncement controls. *Id*. When the trial court revokes an order for deferred adjudication community supervision, it cannot include the fine that it imposed in the original plea proceeding unless it orally pronounces the fine at the adjudication hearing. *Id*. at 502.

As previously stated, the trial court did not include a fine in its oral pronouncement. We sustain Childs's issues. Therefore, we modify the judgment to remove the $1000 fine reflected on page two, section four of the judgment and substituting "$0" in its place. As modified, we affirm the trial court's judgment.

AFFIRMED AS MODIFIED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on February 4, 2013
Opinion Delivered February 13, 2013
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

3