In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00200-CR**
**NO. 09-13-00201-CR**
_____

**JONATHAN JAMES WILTURNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 10-10109, 10-10111**

**MEMORANDUM OPINION**

Appellant Jonathan James Wilturner appeals from the revocation of his deferred adjudication community supervision and imposition of sentence. In each case, Wilturner raises three issues challenging the trial court's imposition of a $750 fine. We affirm the trial court's judgments as modified.

Pursuant to plea bargain agreements, Wilturner pleaded guilty to two charges of aggravated robbery. In both cases, the trial court found the evidence

1

sufficient to find Wilturner guilty, but deferred further proceedings, placed Wilturner on community supervision for seven years, and assessed a fine of $750. The State subsequently filed a motion to revoke Wilturner's unadjudicated community supervision in each case. Wilturner pleaded "true" to one violation of the conditions of his community supervision in both cases. The trial court conducted an evidentiary hearing with respect to the violations to which Wilturner pleaded "not true" in each case. In both cases, the trial court found that Wilturner violated the conditions of his community supervision, found Wilturner guilty of aggravated robbery, and assessed punishment at twenty-five years of confinement.

Although the first page each of the trial court's judgments does not list a fine, the second page of both judgments states that the trial court imposed a fine of $750 upon ordering Wilturner placed on community supervision and then "**Orders** Defendant to pay all fines, court costs, and restitution as indicated above." As mentioned above, Wilturner raises three appellate issues related to the imposition in the written judgment of a fine that was not orally pronounced at sentencing. The State confesses error.

When pronouncing sentence in the cases, the trial court stated as follows:

Cause No. 10109 I find the evidence to be sufficient to find Counts 1 and 6 to be true. They are true. I revoke your unadjudicated probation. I now find you guilty of Aggravated Robbery. You are guilty. I assess your punishment at 25 years' confinement in the

2

Institutional Division. You will get credit for any time that you are entitled to by law.

. . .

In Cause No. 10111 I find the evidence to be sufficient to find Counts 1 and 6 to be true. They are true. I revoke your unadjudicated probation. I now find you guilty of Aggravated Robbery. You are guilty. I assess your punishment at 25 years' confinement in the Institutional Division. You will get credit for any time that you are legally entitled to.

The trial court did not include a fine in its oral pronouncement in either case.

"[S]entence shall be pronounced in the defendant's presence." Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a) (West Supp. 2012).[1] The judgment, including the sentence assessed, is merely the written declaration and embodiment of the trial court's oral pronouncement. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When the oral pronouncement of sentence and the written judgment differ, the oral pronouncement controls. *Id*. When the trial court revokes an order for deferred adjudication community supervision, it cannot include the fine that it imposed in the original plea proceeding unless it orally pronounces the fine at the adjudication hearing. *Id*. at 502.

As previously stated, the trial court did not include a fine in its oral pronouncement in either case. We sustain Wilturner's issues in both cases.

---

[1]Because the amendments to article 42.03 are not material to this case, we cite to the current version.

Therefore, we modify the judgments to remove the $750 fine reflected on page two, and we substitute "$0" in its place.  As modified, we affirm the trial court's judgments.

AFFIRMED AS MODIFIED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on June 21, 2013
Opinion Delivered July 10, 2013
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.