In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00373-CR
NO. 09-13-00374-CR

_____

**LUIS ANGEL GALVAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 11-12721, 13-15755

**MEMORANDUM OPINION**

Appellant Luis Angel Galvan appeals from the trial court's revocation of his deferred adjudication community supervision and imposition of sentence. In cause number 11-12721, Galvan pleaded guilty to burglary of a habitation, a second degree felony. The trial court found the evidence sufficient to find Galvan guilty, deferred further proceedings, placed Galvan on community supervision for three years, and assessed a fine of $750. The State subsequently filed a motion to revoke

1

Galvan's unadjudicated community supervision. At the hearing on the motion to revoke, Galvan pleaded "true" to four violations of the conditions of his community supervision. The trial court found that Galvan violated the terms of his community supervision order, found him guilty of burglary of a habitation, and assessed punishment at twenty years' confinement.

In cause number 13-15755, Galvan pleaded guilty to attempted aggravated assault, a third degree felony. The trial court found the evidence sufficient to find Galvan guilty, deferred further proceedings, placed Galvan on community supervision for five years, and assessed a fine of $500. The State subsequently filed a motion to revoke Galvan's unadjudicated community supervision. At the hearing on the motion to revoke, Galvan pleaded "true" to four violations of the conditions of his community supervision. The trial court found that Galvan violated the terms of his community supervision order, found him guilty of attempted aggravated assault, and assessed punishment at five years' confinement to run consecutively to cause number 11-12721.

On appeal, Galvan contends the trial court erred by assessing a fine in its written judgment when the court did not orally pronounce a judgment at the time of sentencing. He also argues the evidence is legally insufficient to sustain the fine against him.

2

The trial court must orally pronounce a defendant's sentence in the defendant's presence. Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a) (West Supp. 2013); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When there is a conflict between the oral pronouncement of sentence and the written memorialization of that sentence—the written judgment—the oral pronouncement controls. *Taylor*, 131 S.W.3d at 500. Here, however, there is no conflict. Galvan complains of language contained on page two of the court's judgments. Specifically, he takes issue with the language in the judgments describing the court's prior deferred adjudication order, which includes the imposition of a fine. Galvan contends that repeating this information in the judgments necessarily imposes a fine against Galvan as the judgments order defendant to pay all unpaid fines upon release from confinement. We disagree with Galvan's interpretation of the judgments. The judgments order "Defendant punished as indicated on page [one]" and order "Defendant to pay all fines, court costs, and restitution as indicated on page [one]." Page one of the judgments do not assess a fine. We have reviewed both the written judgments and the oral pronouncements of punishment in the appellate records. Because neither the written judgments nor the oral pronouncements impose a fine, we find no conflict between the oral

3

pronouncements and the written judgments. We, therefore, overrule Galvan's issues and affirm the judgments of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on December 3, 2013
Opinion Delivered December 11, 2013
Do not publish

Before McKeithen, C.J., Kreger, and Horton, JJ.