

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00286-CR
### NO. 02-14-00287-CR

DONTE WORDLAW                                                     APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

----------

### FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NOS. 1277070W, 1282730W

----------

## MEMORANDUM OPINION[1]

----------

Appellant Donte Wordlaw appeals from his two convictions for burglary of a habitation. We modify the judgments and attached orders to withdraw funds to delete restitution and reparations amounts and, as modified, affirm the trial court's judgments.

Wordlaw was charged by indictment with two burglaries of a habitation: (1) the January 20, 2012 burglary of Kristoffer Maddox's home (the Maddox

---

[1]*See* Tex. R. App. P. 47.4.

burglary) and (2) the March 29, 2012 burglary of Kimberly Bass's home (the Bass burglary). Wordlaw pleaded guilty to both charges under plea-bargain agreements and was placed on five years' deferred-adjudication community supervision in each case. In the Maddox burglary, Wordlaw agreed to pay $4,650 in restitution with no fine.[2] In the Bass burglary, Wordlaw agreed to pay a $300 fine with no restitution. The trial court included these amounts in the orders placing Wordlaw on deferred-adjudication community supervision and included payment of these amounts as a condition of community supervision.

Based on Wordlaw's various violations of the terms of his community supervision, the trial court eventually adjudged Wordlaw guilty of the Maddox and Bass burglaries and sentenced him to concurrent twenty-year sentences. In the written judgment regarding the Maddox burglary, the trial court assessed $4,490 in restitution and $1,520 in reparations.[3] Regarding the Bass burglary, the trial court included $570.79 in reparations in the written judgment. The $570.79 in reparations was comprised of a $258.79 "fine," $252 "due to CSCD," and $60 in "probation fees."

Wordlaw appeals and argues in two issues that because the trial court did not orally pronounce the restitution and fine amounts, they must be removed

---

[2]The trial court ordered Wordlaw to pay the restitution amount at the rate of $100 per month.

[3]The reparations amount was noted as being $20 "due to CSCD" and $1,500 in "probation fees."

from the judgments.[4]  The State agrees that the judgments must be modified to delete the restitution and fine amounts.  Indeed, the trial court failed to orally pronounce the restitution or fine amounts; thus, the written judgments may not include these amounts.  *See Taylor v. State*, 131 SW.3d 497, 500 (Tex. Crim. App. 2004).

However, Wordlaw further asserts in both issues that he is entitled to a refund of any money he might have paid on these amounts.  The State asserts that Wordlaw is not entitled to a refund of the amounts he previously paid because the orders placing him on deferred-adjudication community supervision were undisputed and in effect at the time Wordlaw made the payments.[5]  We cannot determine from the record whether Wordlaw made any payments on either the restitution amount in the Maddox burglary or the fine in the Bass burglary.  Wordlaw argues that the difference in the restitution amount in the deferred-adjudication order and the amount in the subsequent judgment in the Maddox burglary—$4,650 and $4,490—indicates that he paid $160 toward the ordered restitution.  We cannot assume that this difference is a result of a

[4]Wordlaw does not attack the orders placing him on deferred-adjudication community supervision or the trial court's subsequent adjudication and imposition of sentence.

[5]Wordlaw is not entitled to recapture any payments that were imposed as a condition of his community supervision such as community-supervision fees, crime-stoppers fees, costs of drug or alcohol testing, and the like.  This is an additional reason Wordlaw cannot obtain a refund of any amounts he might have paid to the restitution amount in the Maddox burglary:  monthly payments on the restitution amount were imposed as a condition of community supervision.

payment made by Wordlaw. This is especially true given that the State's motion to adjudicate Wordlaw's guilt in the Maddox burglary included the allegation that Wordlaw wholly failed to make any payments toward the ordered restitution. There is no evidence Wordlaw paid any part of the fine in the Bass burglary, and he does not assert that he did. Because there is no evidence that Wordlaw actually made payments on the disputed amounts, we cannot order a refund as requested even if that were an appropriate remedy. Under the facts of this case, we decline to hold that a refund of unproven payments is an appropriate remedy, particularly when Wordlaw has provided no authority to show that a refund is ever appropriate.

Accordingly, we sustain in part Wordlaw's two issues. The judgment and the attached order to withdraw funds in the Maddox burglary are modified to delete the $4,490 in restitution. The judgment and the attached order to withdraw funds in the Bass burglary are modified to delete $258.79 of the ordered reparations. As modified, we affirm the trial court's judgments. *See* Tex. R. App. P. 43.2(b).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 5, 2015

4