

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00448-CR
### NO. 02-14-00449-CR

CEDRIC TYRONE SCOTT JR.                                    APPELLANT
A/K/A CEDRIC TYRONE SCOTT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NOS. 1324883D, 1320181D

----------

## MEMORANDUM OPINION[1]

----------

In a single point, Appellant Cedric Tyrone Scott Jr. a/k/a Cedric Tyrone Scott argues that the fines assessed in the judgments adjudicating his guilt were not pronounced orally at sentencing and must therefore be deleted from the judgments. The State agrees that the fines must be deleted from the judgments.

---

[1]*See* Tex. R. App. P. 47.4.

We will modify both judgments to delete the $500.00 fines and affirm the judgments as modified.

Pursuant to a plea bargain, Scott was placed on five years' deferred adjudication community supervision for two counts of assault on a family member while impeding the breathing or circulation of the victim. *See* Tex. Penal Code Ann. § 22.01(b)(2)(B) (West Supp. 2014). The following year, the State filed a supplemental petition to proceed to an adjudication of guilt in each case, alleging that Scott had failed to report to the Community Supervision and Corrections Department for three months. The trial court found the allegations to be true, adjudicated Scott guilty, and sentenced him to two years' confinement in each case with the sentences to run concurrently. The trial court did not include a fine in its oral pronouncement of Scott's sentences.

Attached to the judgment for trial court case number 1320181D is an order to withdraw funds, which states that "[c]ourt costs, fees and/or fines and/or restitution have been incurred in the amount of **$1,897.00**." Included in the clerk's record corresponding to trial court case number 1320181D is a "Revocation Restitution/Reparation Balance Sheet – Art. 42.03 SEC. 2, b C.C.P.," reflecting that Scott owes $133.00 "DUE TO CSCD," $990.00 in probation fees, $500.00 in fines, and $274.00 in court costs.

Attached to the judgment for trial court case number 1324883D is an order to withdraw funds, which states that "[c]ourt costs, fees and/or fines and/or restitution have been incurred in the amount of **$774.00**." The clerk's record

corresponding to trial court case number 1324883D contains a "Revocation Restitution/Reparation Balance Sheet – Art. 42.03 SEC. 2, b C.C.P.," reflecting that Scott owes $500.00 in fines and $274.00 in court costs.

In his sole point, Scott argues that the trial court erred by assessing a fine of $500 in each written judgment because the trial court did not orally pronounce the fines as part of Scott's sentences after adjudicating his guilt in each case. The State concedes that there was no oral pronouncement of the fines at sentencing, which is required to impose a fine in a written judgment. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (stating that when there is a conflict between the oral pronouncement of sentence and the written memorialization of that sentence, the oral pronouncement controls). Accordingly, we sustain Scott's sole point and modify the trial court's written judgments to delete the $500.00 fine from each judgment.[2] *See id.* (holding that when trial court did not orally assess fine as part of appellant's sentence after guilt was adjudicated, court of appeals correctly deleted fine from judgment).

Having sustained Scott's sole point, we modify the trial court's written judgments to delete the $500.00 fines in each case and affirm the judgments as modified. *See* Tex. R. App. P. 43.2(b).

PER CURIAM

---

[2]Because Scott does not challenge the other costs assessed by the trial court and set forth in the written judgments, the result of the modifications is that he owes $1,397.00 in trial court case number 1320181D and that he owes $274.00 in trial court case number 1324883D.

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 26, 2015