

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00013-CR

**MITCHELL DEAN COCHRAN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2012-20-C2

## MEMORANDUM  OPINION

In two issues, appellant, Mitchell Dean Cochran, challenges his convictions for five counts of sexual assault of a child and two counts of indecency with a child by contact.  *See* TEX. PENAL CODE ANN. §§ 21.11, 22.011 (West 2011).  Specifically, Cochran asserts that the trial court erred by:  (1) preventing him from presenting impeachment evidence; and (2) denying him the right to properly cross-examine two witnesses.  We affirm.

## I.   BACKGROUND

Cochran was charged by indictment with five counts of sexual assault of a child and two counts of indecency with a child by contact.  At the conclusion of the evidence, the jury found Cochran guilty on all counts and sentenced Cochran to twelve years' confinement in the Institutional Division of the Texas Department of Criminal Justice on each count.  The trial court stacked two of the sentences and ordered that the remaining sentences run concurrently.[1]  The trial court also certified Cochran's right of appeal, and this appeal followed.

## II.   IMPEACHMENT EVIDENCE

In his first issue, Cochran contends that the trial court erred in not admitting impeachment evidence—statements allegedly contained in a CPS report.

### A.   Standard of Review

We review a trial court's admission or exclusion of evidence for an abuse of discretion.  *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).  A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules or principles.  *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).  When considering a trial court's decision to admit or exclude evidence, we will

---

[1] The judgments for each of the convicted offenses reflect that the sentences were to run concurrently; however, both the case information sheet contained in the Clerk's Record and the trial court's statements in open court indicate that two of the sentences were ordered to run consecutively with the remaining sentences to run concurrently.  *See Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) ("A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement.  When the oral pronouncement of sentence and written judgment vary, the oral pronouncement controls." (internal citations omitted)); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *see also Robinson v. State*, Nos. 10-13-00304-CR & 10-13-00305-CR, 2014 Tex. App. LEXIS 6631, at **4-5 (Tex. App.—Waco June 19, 2014, no pet.) (mem. op., not designated for publication).

not reverse the trial court's ruling unless it falls outside the "zone of reasonable disagreement." *Id.* at 391; *see Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).

**B.  Discussion**

On appeal, Cochran complains that the trial court erroneously prevented him from impeaching the victim in this case with statements she allegedly made to a CPS caseworker.  Cochran asserts that the statements contained in the CPS report were central to his theory to undermine the credibility of the victim.  It appears that Cochran wished to impeach the victim about her prior drug use and her sneaking boys in the house that put her at odds with her parents.

> Under Texas Rules of Evidence 104(a), whether or not to admit evidence at trial is a preliminary question to be decided by the court.  A bedrock condition of admissibility of evidence in any legal contest is its relevance to an issue in the case—that is to say, its tendency to make a fact of consequence to determination of the action more or less probable.  Evidence has no relevance if it is not authentically what its proponent claims it to be. . . .  In performing its Rule 104 gate-keeping function, the trial court itself need not be persuaded that the proffered evidence is authentic.  The preliminary question for the trial court to decide is simply whether the proponent of the evidence has supplied facts that are sufficient to support a reasonable jury determination that the evidence he has proffered is authentic.

*Tienda v. State*, 358 S.W.3d 633, 637-38 (Tex. Crim. App. 2012) (internal citations & footnotes omitted).  In other words, the trial court does not abuse its discretion if it finds that a reasonable juror could not reasonably find that the evidence has been authenticated.  *See Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007) ("Indeed, the requirement of authentication or identification as a condition precedent to

admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims." (internal citations & quotations omitted)).

At trial, the victim, the victim's brother, the victim's mother, and the investigating police officer all testified that the statements attributed to them in the CPS report were never made by them and, thus, were untrue. Specifically, the investigating officer testified that the CPS caseworker inaccurately attributed statements to him "so I question anything that she (the caseworker) puts in there, quite frankly." Moreover, Veronica Terrell, an investigative supervisor for CPS, testified that the employment of the CPS caseworker who wrote the report in this case had been terminated because of "[c]oncerns with falsification of documentation." Terrell discovered that the CPS caseworker alleged "she had interviewed certain people and they had told her certain things, but that the people would say, no, I hadn't told them—told her that." Accordingly, Terrell testified that the CPS caseworker did not do reliable work. Additionally, the record reflects that the CPS caseworker who drafted the report did not testify, and the victim testified that she neither reviewed nor signed the purported CPS report.

Based on the foregoing, we cannot say that Cochran, the proponent of the impeachment evidence, satisfied his burden of demonstrating that the purported CPS report was authentic. *See* TEX. R. EVID. 104(a); *see also Tienda*, 358 S.W.3d at 637-38; *Druery*, 225 S.W.3d at 502. Therefore, because nothing in the record authenticates the purported statements contained in the CPS report, none of the statements were admissible to impeach the victim's testimony. *See* TEX. R. EVID. 104(a); *see also Tienda*,

358 S.W.3d at 637-38; *Druery*, 225 S.W.3d at 502. Accordingly, we cannot say that, in performing its Rule 104 gate-keeping function, the trial court abused its discretion in excluding the complained-of evidence for impeachment purposes. *See Martinez*, 327 S.W.3d at 736; *Manning*, 114 S.W.3d at 926; *Montgomery*, 810 S.W.2d at 380. We overrule Cochran's first issue.

### III.    CROSS-EXAMINATION OF WITNESSES

In his second issue, Cochran argues that the trial court erred in limiting his right to cross-examine Lois Helmick and Mitchell Dean Cochran II regarding the victim allegedly sneaking boys into the house without permission. However, Cochran's brief does not have a specific section addressing his second issue. Instead, Cochran's argument section melds his two issues together to the extent that it appears that his second issue is dependent on the resolution of his first issue—an issue that we have already overruled. Nevertheless, Cochran makes the following statements, without citation to authority, that appear to be the extent of his second issue:

> Appellant was prevented from going into prior bad acts of the victim when the appellant's son was on the stand. Appellant also was denied the ability to prove up the victim[']s drug use and that her having had boys in the house causes her parents to be mad at her and argue with each other about this behavior. The judge refused the same questions of Lois Helmick, a defense witness, to be asked in front of the jury. This was also preserved by an offer of proof.

Based on our review of Cochran's brief and the record, we cannot say that Cochran has successfully demonstrated that the trial court erred in limiting cross-examination of the complained-of topic in this issue. *See* TEX. R. APP. P. 38.1(i); *see also Delaware v. Van Arsdall*, 475 U.S. 673, 678, 106 S. Ct. 1431, 1434-35, 89 L. Ed. 2d 674 (1986)

(noting that the right of cross-examination is not unlimited and that the trial court retains wide latitude to impose reasonable limits on cross-examination); *Irby v. State*, 327 S.W.3d 138, 145 (Tex. Crim. App. 2010) ("Nonetheless, the trial judge retains wide latitude to impose reasonable limits on such cross-examination . . . ."). As such, we overrule Cochran's second issue.

## IV.   CONCLUSION

Having overruled both of Cochran's issues on appeal, we affirm the judgments of the trial court.


                                        AL SCOGGINS
                                        Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
(Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed April 16, 2015
Do not publish
[CR25]

*(Chief Justice Gray concurs in the Court's judgment of affirmance without a separate opinion.)

