

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00395-CR

Marco **ARAMBULA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR9973
Honorable Lorina I. Rummel, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Irene Rios, Justice

Delivered and Filed: November 14, 2018

AFFIRMED AS MODIFIED

The sole issue presented in this appeal is whether the trial court's judgment should be modified to delete the imposition of a $1,000 fine because the trial court did not impose the fine in orally pronouncing sentence. The State concedes error and prays that the judgment be modified to remove the fine and affirmed in all other respects.

### BACKGROUND

Appellant Marco Arambula was charged with aggravated robbery. Pursuant to a plea bargain agreement, he pled no contest to the offense on November 17, 2017. The trial court

deferred adjudicating his guilt and placed him on five years' community supervision. The trial court also imposed a $1,000 fine.

On February 8, 2018, the State filed a motion to enter adjudication of guilt and revoke community supervision alleging, in pertinent part, that Arambula had violated a condition of his community supervision by failing to report to his probation officer for the months of December 2017 and January 2018. At the hearing on the State's motion, Arambula pled true to violating this condition of his probation. The trial court found the violation was true, adjudicated Arambula guilty, and orally pronounced Arambula's sentence as five years' imprisonment. The trial court subsequently signed a written judgment that adjudicated Arambula's guilt and sentenced him to five years' imprisonment and a $1,000 fine. Arambula appeals.

## DISCUSSION

The Texas Court of Criminal Appeals resolved the sole issue presented in this appeal in *Taylor v. State*, 131 S.W.3d 497 (Tex. Crim. App. 2004). In *Taylor*, the order deferring Ronald Taylor's adjudication "contained a fine of $300, which the judge orally pronounced at that time." 131 S.W.3d at 498. "Later, when Taylor's guilt was adjudicated, the judge did not orally pronounce a fine but included the $300 fine within the written judgment." *Id*. Although the court noted "this action would be permissible in a case involving regular probation," the court concluded "the fine must be deleted in this case because of the unique circumstances of deferred adjudication." The court explained:

> [W]hen an accused receives deferred adjudication, no sentence is imposed. Then, when guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine. This is in stark contrast to regular probation, where the sentence is imposed but suspended when probation is granted.

*Id*. at 502. Applying the law to the facts in *Taylor*, the court reasoned:

[T]he order granting Taylor deferred adjudication was set aside. Taylor was not sentenced until his guilt was adjudicated. At that time, the judge did not orally pronounce a fine, but included a fine within the written judgment. When there is a conflict between the two, the oral pronouncement controls. Since the judge did not orally assess a fine as part of Taylor's sentence when guilt was adjudicated, the Court of Appeals was correct to delete the fine from the judgment.

*Id*. Because the trial court in the instant case did not orally pronounce a fine after revoking Arambula's deferred adjudication community supervision and adjudicating his guilt, but included a fine within the written judgment, we sustain Arambula's issue. *See id*.; *see also Kaska v. State*, No. 04-15-00742-CR, 2016 WL 4444417, at *3 (Tex. App.—San Antonio Aug. 24, 2016, no pet.) (mem. op., not designated for publication) (citing *Taylor* as precedent for modifying trial court judgment to delete fine).

## CONCLUSION

Based on the precedent established in *Taylor*, we modify the trial court's judgment to delete the imposition of the $1,000 fine and affirm the judgment as modified.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH