## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH
### NO. 02-11-00141-CR


ANTONIO CENTENO MONCADA                                   APPELLANT

V.

THE STATE OF TEXAS                                             STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In two points, Appellant Antonio Centeno Moncada appeals his convictions for continuous sexual abuse of a child under age fourteen, aggravated sexual assault of a child under age fourteen, and two counts of indecency with a child by contact. We will affirm as modified.

J.M. was born on August 16, 1995. He was about five or six years old when his mother began a serious relationship with Moncada.[2] Moncada later

---

[1]See Tex. R. App. P. 47.4.

began sexually abusing ten- or eleven-year-old J.M. while the family was living with Moncada's brother. Moncada touched J.M.'s penis, put his mouth on J.M.'s penis, and caused J.M.'s hand to touch Moncada's penis about twenty-four or twenty-five times per month, usually at nighttime.

Moncada's conduct continued soon after the family moved to an apartment complex, where they lived for about a year. According to J.M., Moncada masturbated J.M. about three or four times a week and put his mouth on J.M.'s penis about once or twice a week.

J.M. was about twelve years old when he and the rest of the family moved to a mobile home in Haltom City, where Moncada continued to engage in the same conduct with J.M. between four and six times per week. On August 8, 2009—eight days before J.M.'s fourteenth birthday—J.M.'s mother discovered J.M. and Moncada in a vacant trailer in the middle of the night; Moncada was naked, J.M. had his pants below his knees, a pornographic movie was playing on a portable DVD player, and a small jar of lotion was nearby. Moncada denied "doing anything," but J.M.'s mother called the police and reported Moncada, who was eventually arrested and admitted to investigators that he had masturbated J.M. and had performed oral sex on him on two occasions. The jury assessed Moncada's punishment at fifty years' confinement for the continuous-sexual-abuse offense, ninety-nine years' confinement for the aggravated-sexual-assault

---

[2]J.M.'s mother has two children with Moncada.

offense, and twenty years' confinement for each of the indecency offenses. The trial court sentenced Moncada accordingly, ordering that the conviction for continuous sexual abuse be served concurrently with the convictions for aggravated sexual assault and indecency with a child, which were ordered to be served consecutively.

In his first point, Moncada argues that the trial court erred by overruling his objection that the jury charge violated several of his state and federal constitutional rights because the continuous-sexual-abuse offense was based on the same conduct as the aggravated-sexual-assault and indecency offenses. He specifies that the problem with the charge is that the jury instruction "did not cure the fact that during the State's case in chief the jury was allowed to consider alleged acts of conduct that occurred *prior* to the effective date of the Continuous Sexual Abuse statute - acts which constituted the elements of counts two, three and four." [Emphasis added.]

In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *See Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994); *see also Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009).

A person commits continuous sexual abuse of a child if:

> (1)  during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

(2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.

Tex. Penal Code Ann. § 21.02(b) (West Supp. 2011). This statute applies only to conduct occurring on or after September 1, 2007. *See* Act of May 18, 2007, 80th Leg., R.S., ch. 593, § 1.17, 2007 Tex. Gen. Laws 1120, 1127. An "act of sexual abuse" includes indecency with a child under penal code section 21.11(a)(1) and aggravated sexual assault under penal code section 22.021. *Id.* § 21.02(c)(2), (4); *see id.* §§ 21.11(a)(1) (West 2011), 22.021 (West Supp. 2011). But "[a] defendant may not be convicted in the same criminal action of an offense listed under Subsection (c) the victim of which is the same victim as a victim of the offense alleged under Subsection (b) unless the offense listed in Subsection (c)" "occurred outside the period in which the offense alleged under Subsection (b) was committed." *Id.* § 21.02(e)(2).

Again, Moncada contends that the jury relied on the same pre-September 1, 2007 conduct for the conviction of continuous sexual abuse and each respective conviction in the remaining counts. However, the trial court instructed the jurors in the jury charge that to find Moncada guilty of continuous sexual abuse, they had to unanimously agree that during a period of thirty or more days, on or about August 8, 2009, he committed two or more acts of sexual abuse. The trial court further instructed the jury not to consider any testimony regarding any act of sexual abuse alleged to have occurred before September 1, 2007, the effective date of the continuous-sexual-abuse statute. In its closing

4

argument, the State also told the jury that they all had to believe that two acts occurred between September 1, 2007, and August 8, 2009. Accordingly, we hold that the trial court did not err by overruling Moncada's objection to the jury charge as it pertained to the continuous-sexual-abuse count, and we overrule his first point.

In his second point, Moncada argues that a variance exists between the trial court's oral pronouncement of his sentences and the sentences contained in the written judgments. He contends—and the State agrees—that the judgments should be modified to reflect the sentences pronounced by the trial court at the conclusion of his trial.

A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (West Supp. 2011); *see Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Taylor*, 131 S.W.3d at 500.

The trial court stated the following during its oral pronouncement of Moncada's sentences: "Counts, Two, Three and Four shall . . . be served consecutively . . . . Count One shall run concurrently with Counts Two, Three and Four." However, the written judgments for counts two (aggravated sexual assault), three (indecency), and four (indecency) provide that the sentences shall run "consecutive to count one [and] concurrent with" counts two, three, and four,

5

depending on the judgment. The written judgments do not accurately reflect the trial court's oral pronouncements of Moncada's sentences. We sustain Moncada's second point and will modify the judgments.

We modify the judgment in count one to reflect that Moncada's fifty-year sentence for his conviction for continuous sexual abuse runs concurrently with the ninety-nine year sentence for the aggravated-sexual-assault conviction in count two, the twenty-year sentence for the indecency-with-a-child-conviction in count three, and the twenty-year sentence for the indecency-with-a-child-conviction in count four. We modify the judgments in counts two, three, and four to reflect that Moncada's sentences for those three convictions run consecutively to one another and concurrently with his fifty-year sentence for continuous sexual abuse. We affirm the trial court's judgments as modified.

BILL MEIER
JUSTICE

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 10, 2012