02-11-141-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00141-CR

 

 


 
 
 Antonio Centeno Moncada
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          In
two points, Appellant Antonio Centeno Moncada appeals his convictions for
continuous sexual abuse of a child under age fourteen, aggravated sexual
assault of a child under age fourteen, and two counts of indecency with a child
by contact.  We will affirm as modified.

J.M.
was born on August 16, 1995.  He was about five or six years old when his
mother began a serious relationship with Moncada.[2] 
Moncada later began sexually abusing ten- or eleven-year-old J.M. while the
family was living with Moncada’s brother.  Moncada touched J.M.’s penis, put
his mouth on J.M.’s penis, and caused J.M.’s hand to touch Moncada’s penis
about twenty-four or twenty-five times per month, usually at nighttime.

          Moncada’s
conduct continued soon after the family moved to an apartment complex, where
they lived for about a year.  According to J.M., Moncada masturbated J.M. about
three or four times a week and put his mouth on J.M.’s penis about once or
twice a week.

          J.M.
was about twelve years old when he and the rest of the family moved to a mobile
home in Haltom City, where Moncada continued to engage in the same conduct with
J.M. between four and six times per week.  On August 8, 2009—eight days
before J.M.’s fourteenth birthday—J.M.’s mother discovered J.M. and Moncada in
a vacant trailer in the middle of the night; Moncada was naked, J.M. had his
pants below his knees, a pornographic movie was playing on a portable DVD
player, and a small jar of lotion was nearby.  Moncada denied “doing anything,”
but J.M.’s mother called the police and reported Moncada, who was eventually
arrested and admitted to investigators that he had masturbated J.M. and had performed
oral sex on him on two occasions.  The jury assessed Moncada’s punishment at
fifty years’ confinement for the continuous-sexual-abuse offense, ninety-nine
years’ confinement for the aggravated-sexual-assault offense, and twenty years’
confinement for each of the indecency offenses.  The trial court sentenced Moncada
accordingly, ordering that the conviction for continuous sexual abuse be served
concurrently with the convictions for aggravated sexual assault and indecency
with a child, which were ordered to be served consecutively.

          In
his first point, Moncada argues that the trial court erred by overruling his
objection that the jury charge violated several of his state and federal
constitutional rights because the continuous-sexual-abuse offense was based on
the same conduct as the aggravated-sexual-assault and indecency offenses.  He
specifies that the problem with the charge is that the jury instruction “did
not cure the fact that during the State’s case in chief the jury was allowed to
consider alleged acts of conduct that occurred prior to the effective
date of the Continuous Sexual Abuse statute - acts which constituted
the elements of counts two, three and four.”  [Emphasis added.]

          In
our review of a jury charge, we first determine whether error occurred; if
error did not occur, our analysis ends.  See Abdnor v. State, 871 S.W.2d
726, 731–32 (Tex. Crim. App. 1994); see also Sakil v. State, 287 S.W.3d
23, 25–26 (Tex. Crim. App. 2009).

          A
person commits continuous sexual abuse of a child if:

          (1)   during
a period that is 30 or more days in duration, the person commits two or more
acts of sexual abuse, regardless of whether the acts of sexual abuse are
committed against one or more victims; and

 

          (2)   at
the time of the commission of each of the acts of sexual abuse, the actor is 17
years of age or older and the victim is a child younger than 14 years of age.

Tex.
Penal Code Ann. § 21.02(b) (West Supp. 2011).  This statute applies only
to conduct occurring on or after September 1, 2007.  See Act of May 18,
2007, 80th Leg., R.S., ch. 593, § 1.17, 2007 Tex. Gen. Laws 1120, 1127.  An
“act of sexual abuse” includes indecency with a child under penal code section
21.11(a)(1) and aggravated sexual assault under penal code section 22.021.  Id.
§ 21.02(c)(2), (4); see id. §§ 21.11(a)(1) (West 2011), 22.021
(West Supp. 2011).  But “[a] defendant may not be convicted in the same
criminal action of an offense listed under Subsection (c) the victim of which
is the same victim as a victim of the offense alleged under Subsection (b) unless
the offense listed in Subsection (c)” “occurred outside the period in which the
offense alleged under Subsection (b) was committed.”  Id. § 21.02(e)(2).

          Again,
Moncada contends that the jury relied on the same pre-September 1, 2007
conduct for the conviction of continuous sexual abuse and each respective
conviction in the remaining counts.  However, the trial court instructed the
jurors in the jury charge that to find Moncada guilty of continuous sexual
abuse, they had to unanimously agree that during a period of thirty or more
days, on or about August 8, 2009, he committed two or more acts of sexual
abuse.  The trial court further instructed the jury not to consider any
testimony regarding any act of sexual abuse alleged to have occurred before
September 1, 2007, the effective date of the continuous-sexual-abuse
statute.  In its closing argument, the State also told the jury that they all
had to believe that two acts occurred between September 1, 2007, and August 8,
2009.  Accordingly, we hold that the trial court did not err by overruling
Moncada’s objection to the jury charge as it pertained to the continuous-sexual-abuse
count, and we overrule his first point.

          In
his second point, Moncada argues that a variance exists between the trial
court’s oral pronouncement of his sentences and the sentences contained in the written
judgments.  He contends—and the State agrees—that the judgments should be modified
to reflect the sentences pronounced by the trial court at the conclusion of his
trial.

          A
trial court’s pronouncement of sentence is oral, while the judgment, including
the sentence assessed, is merely the written declaration and embodiment of that
oral pronouncement.  Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (West
Supp. 2011); see Taylor v. State, 131 S.W.3d 497, 500 (Tex. Crim. App.
2004).  When the oral pronouncement of sentence and the written judgment vary,
the oral pronouncement controls.  Taylor, 131 S.W.3d at 500.

          The
trial court stated the following during its oral pronouncement of Moncada’s
sentences:  “Counts, Two, Three and Four shall . . . be
served consecutively . . . .  Count One shall run concurrently
with Counts Two, Three and Four.”  However, the written judgments for counts
two (aggravated sexual assault), three (indecency), and four (indecency)
provide that the sentences shall run “consecutive to count one [and] concurrent
with” counts two, three, and four, depending on the judgment.  The written
judgments do not accurately reflect the trial court’s oral pronouncements of
Moncada’s sentences.  We sustain Moncada’s second point and will modify the
judgments.

          We
modify the judgment in count one to reflect that Moncada’s fifty-year sentence
for his conviction for continuous sexual abuse runs concurrently with the
ninety-nine year sentence for the aggravated-sexual-assault conviction in count
two, the twenty-year sentence for the indecency-with-a-child-conviction in
count three, and the twenty-year sentence for the
indecency-with-a-child-conviction in count four.  We modify the judgments in
counts two, three, and four to reflect that Moncada’s sentences for those three
convictions run consecutively to one another and concurrently with his
fifty-year sentence for continuous sexual abuse.  We affirm the trial court’s
judgments as modified.

 

 

BILL MEIER
JUSTICE

 

PANEL:  GARDNER, WALKER, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App.
P. 47.2(b)

 

DELIVERED: 
May 10, 2012









[1]See Tex. R. App. P. 47.4.





[2]J.M.’s mother has two
children with Moncada.