**Affirmed as Modified; Opinion Filed June 8, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00752-CR

### No. 05-13-00753-CR

### GEORGE CONTRERAS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1231118-S & F-1231119-S**

## MEMORANDUM OPINION

Before Justices Fillmore, Stoddart, and Whitehill[1]
Opinion by Justice Stoddart

A jury convicted George Contreras of possession with an intent to deliver methamphetamine and possession of marijuana and found the offenses were committed in a drug-free zone. The jury assessed punishment of fourteen years' confinement and a $10,000 fine for the methamphetamine offense, cause number 05-13-00752-CR, and four years' confinement and a $10,000 fine for the marijuana offense, cause number 05-13-00753-CR. In a single issue, Contreras argues the State failed to timely notify him of amended punishment enhancement allegations. In a single cross-issue, the State argues the judgment should be reformed to reflect the fine orally pronounced by the trial court in cause number 05-13-00753-CR. We affirm the

---

[1] Justice Bill Whitehill succeeded Justice Kerry FitzGerald, retired. Justice Whitehill has read the briefs and reviewed the record and now serves as a member of the panel.

trial court's judgment in cause number 05-13-00752-CR. We modify the trial court's judgment in cause number 05-13-00753-CR, and affirm as modified.

Contreras was indicted for possession of methamphetamine with an intent to deliver and possession of marijuana. Both indictments alleged the offenses were committed "in, on, or within 1,000 feet of any real property that is owned, rented or leased to a school or school board." Before trial, the State filed a Notice of Intent to Seek Finding of Offense Committed in Drug-Free Zone in each cause number (Notice). Each Notice reflected the State's intention to offer evidence "that the offense charged in the indictment was committed in, on, or within 1,000 feet of a playground." On appeal, Contreras argues the State failed to timely provide the Notices to him.

On Tuesday, May 7, 2013, six days prior to trial, the State filed the Notices in OnBase, the electronic case management system for Dallas County's criminal courts. Each Notice included a signed certificate of service stating: "[A] copy of this motion was emailed to attorney for [Contreras], on May 7, 2013." The State emailed the Notices to Contreras's counsel; the subject line of the email was: "motions service including amended dfz motion and dfz motion on the PCS Meth case." Contreras's counsel was able to read the subject line of the email, but stated he was unable to open the attachment with the electronic copies of the Notices.

On Monday, May 13, 2013, jury selection began and the State provided Contreras's counsel with paper copies of the Notices. Counsel complained about receiving the Notices on the first day of trial. Responding to his concerns, the trial court stated it would quash the jury panel and instructed the parties to return the following morning for jury selection. The trial court stated he would delay the trial to "give [counsel] an opportunity to this afternoon . . . to scout" out the location of the playground alleged in the Notices.

The following day, May 14, 2013, the trial court began jury selection again with a new venire. On May 15, 2013, Contreras's counsel again complained the Notices were not provided to him in a timely fashion. In response, the State provided a printout from OnBase showing the Notices were filed on May 7, as well as the email sent to Contreras's counsel. While acknowledging the State's assertion that the Notices were filed in OnBase on May 7, 2013, and that he received an email from the State about the Notices, Contreras's counsel again argued he was unable to open the attachment to the email and, therefore, did not receive timely notice. Contreras's counsel requested a ten-day continuance "so that I can prepare an expert to go out and measure that [the distance between the playground the site of the offense] myself. . . I think the exact distance is something that can be in dispute." The trial court stated: "I did dismiss the jury panel mid-afternoon Monday [when] this first flared up and - - I think I said so probably give [sic] you an opportunity to make more investigation on the school zone site overnight. You represented, I believe, you had already been out there to the location." Counsel agreed he visited the location. The trial court continued: "And so I recessed, gave you that opportunity to do that. So that was the purpose behind that, obviously." The trial court did not grant a continuance.

Contreras's two cases were tried together. The guilt-innocence stage of trial began on May 15, 2013, and concluded on May 20, 2013, recessing two days for the weekend. At trial, the State presented evidence concerning the proximity between the house where Contreras conducted drug sales and the playground. After the State rested its case-in-chief, Contreras's counsel re-urged his objection to the timeliness of the Notices for the third time. He also requested the trial court exclude the special issue asking the jury to determine whether Contreras committed the offenses within 1,000 feet of a playground from the jury charge. The trial court overruled the objection. The jury found Contreras committed the offenses within 1,000 feet of a playground.

In a single issue, Contreras argues the State failed to timely notify him of its amended enhancement allegations, which impaired his defense. While the indictment alleged the offenses were committed within 1,000 feet of property owned, rented, or leased to a school or school board, the Notices alleged the offenses were committed within 1,000 feet of a playground. A school and a playground are drug-free zones. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134 (West Supp. 2014). When certain offenses are committed in drug-free zones, punishment may be enhanced. *See id.* The Texas Health and Safety Code does not specify when a notice of intent to seek a drug-free zone finding must be given or the required manner of notice. *See id.*

The record shows the State filed its Notices in OnBase and emailed the Notices to Contreras's counsel on May 7, 2013. Although Contreras's counsel was unable to open the attachment, Contreras's counsel conceded he could read the subject line of the email: "motions service including amended dfz motion and dfz motion on the PCS Meth case." There is no indication in the record that Contreras's counsel contacted the State and requested the email attachments be re-sent or that he was unable to access the Notices via OnBase.

Additionally, voir dire with the first jury panel began on May 13, 2015, six days after the State filed the Notices in OnBase and emailed them to Contreras's counsel. Even in light of the passage of six days between the State notifying counsel and the beginning of the trial, the trial court quashed the original jury panel and recessed the case so that Contreras's counsel could investigate the merits of the amended allegations in the Notices. The trial court did not resume jury selection until May 15, 2015, eight days after the State filed the Notices in OnBase and emailed them to Contreras's counsel.

Based on this record, we conclude that Contreras failed to establish that his ability to present a defense was impaired by the timing of the State's Notices. Even if Contreras had a defense to the drug-free zone allegation, he had sufficient time to develop that defense.

Contreras's counsel was notified six days prior to the beginning of trial that the State intended to seek a punishment enhancement based on distance of the offenses to a playground. Additionally, the trial court quashed the original jury panel and recessed for the purpose of allowing Contreras's counsel to visit the location of the playground, which he did. Voir dire did not begin again until May 15, 2013. Finally, Contreras's counsel did not rest his case until May 20, 2013, nearly two weeks after he originally was notified of the Notices and one week after he received paper copies of the Notices. Contreras's counsel had sufficient time to investigate whether the playground was within 1,000 feet of the site of the offense and to develop a defense to the drug-free zone allegations. We overrule Contreras's sole issue.

In a single cross-issue, the State asserts the jury assessed a $10,000 fine in the marijuana case and the trial court orally pronounced this fine. However, the written judgment does not reflect the fine. The State requests that we modify the judgment to reflect a $10,000 fine.

This Court has the authority to correct the trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). The record reflects that the jury assessed a $10,000 fine in the marijuana case and the trial court orally pronounced the fine as part of Contreras's sentence. The judgment, with the assessed sentence, is the written declaration and embodiment of the oral pronouncement. TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1 (West Supp. 2013). When the oral pronouncement of a sentence and the sentence in the written judgment conflict, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).

Because the jury's sentence included a $10,000 fine and the trial court pronounced the fine, we modify the judgment in cause number 05-13-00753-CR to reflect that a $10,000 fine was assessed by the jury and orally pronounced by the trial court.

We affirm the trial court's judgment in cause number 05-13-00752-CR. We modify the trial court's judgment in cause number 05-13-00753-CR, and affirm as modified.

/ Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130752F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

GEORGE CONTRERAS, Appellant

No. 05-13-00752-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1231118-S.
Opinion delivered by Justice Stoddart.
Justices Fillmore and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of June, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GEORGE CONTRERAS, Appellant

No. 05-13-00753-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1231119-S.
Opinion delivered by Justice Stoddart.
Justices Fillmore and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect the $10,000 pronounced by the trial court. As modified, the judgment is **AFFIRMED**.

Judgment entered this 8th day of June, 2015.