**Modify, and Affirmed as Modified; Opinion Filed February 27, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-01437-CR
No. 05-18-01438-CR
No. 05-18-01439-CR
No. 05-18-01440-CR
No. 05-18-01441-CR
No. 05-18-01442-CR
No. 05-18-01443-CR
No. 05-18-01444-CR

**DANIEL BARRY STEFFEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 199-83863-2017; 199-83864-2017; 199-83865-2017; 199-83866-2017;**
**199-83867-2017; 199-83868-2017; 199-83869-2017; 199-84131-2017**

# MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Evans
Opinion by Justice Nowell

Daniel Barry Steffen pleaded guilty to seven sex-based offenses and to criminal solicitation

of capital murder. The trial court sentenced him to terms of incarceration for each offense. In

three issues, appellant argues the conviction for criminal solicitation violates due process because

he is innocent of the offense; alternatively, the trial court's sentence violates due process because

it exceeds the maximum punishment for the offense charged by the indictment; and two judgments

should be modified to reflect the sentences pronounced. The State agrees two of the judgments should be modified. We modify the judgments in trial court cause numbers 199-83866-2017 and 199-83868-2017 to reflect the sentences orally pronounced in each case and affirm as modified. We also modify the judgment in trial court cause number 199-84131-2017 to change the entry titled "Offense for which Defendant Convicted" from "SOLICIATION TO COMMIT CAPITAL MURDER FOR RETALIATION JUDGE/JUSTICE" to "SOLICIATION TO COMMIT CAPITAL MURDER FOR RETALIATION," and affirm as modified. We affirm the judgments in the remaining five cause numbers.

## A. Criminal Solicitation

In his first issue, appellant argues the conviction for criminal solicitation violates due process because he is innocent of the offense. The State charged appellant with "Solicitation to Commit Capital Murder for Retaliation Judge/Justice First Degree Felony 19.03(a)(9)." The body of the indictment alleges that on or about November 17, 2017, appellant did:

> then and there, with intent that capital murder, a capital felony be committed, request, command, and attempt to induce Lee Harrison to engage in specific conduct, namely to cause the death of an individual, namely Crystal Levonius, in the course of committing retaliation against Crystal Levonius, that under the circumstances surrounding the conduct of Lee Harrison, as the defendant believed them to be, would have made Lee Harrison a party to the commission of capital murder.

Appellant entered an open plea of guilty to the trial court. The plea agreement signed by appellant stated he was pleading guilty "to the offense of Solicitation to Commit CAPITAL MURDER FOR RETALIATION JUDGE/JUSTICE as charged in . . . the charging instrument." The trial court's written admonitions stated the range of punishment for the offense was: "**1st Degree Felony**: Life or any term not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice and an optional fine not to exceed $10,000." Appellant also signed a document titled "Defendant's Waiver of Rights and Judicial Confession," which stated in part

–2–

that appellant "[w]aive[d] any and all defects, errors or irregularities, whether of form or substance, in the charging instrument." Appellant also acknowledged in writing that his attorney explained to him and he read and understood the plea agreement, the trial court's admonitions, and the defendant's waiver of rights and judicial confession.

Several witnesses testified during the plea hearing. The testimony shows that while appellant was incarcerated and awaiting trial on the sex-related offenses that are part of this appeal, the police learned he was soliciting Lee Harrison to kill Crystal Levonius, the prosecutor handling his cases. This testimony forms the basis of appellant's first issue. He argues that while the indictment charged him with "Solicitation to Commit Capital Murder for Retaliation Judge/Justice First Degree Felony 19.03(a)(9)," the evidence showed he solicited the murder of a prosecutor. Therefore, he is innocent of the charged offense.

Appellant's complaint relates to a defect in the indictment. However, appellant did not object to the indictment in the trial court. If a defendant does not object to a defect, error, or irregularity of form or substance in an indictment before the date on which the trial on the merits commences, the defendant forfeits the right to object to the defect, error, or irregularity and may not raise the objection on appeal or in any other post-conviction proceeding. TEX. CODE CRIM. PRO. ANN. art. 1.14(b). Additionally, a "defendant in a criminal prosecution for any offense may waive any rights secured him by law." *Id.* art. 1.14(a). Appellant made such a waiver when he executed the "Defendant's Waiver of Rights and Judicial Confession," which states in part that he "[w]aive[d] any and all defects, errors or irregularities, whether of form or substance, in the charging instrument." Because appellant did not object to this defect in the trial court and expressly waived any defects, errors, or irregularities, of form or substance, in the indictment, we conclude he waived his complaint and cannot now raise it on appeal. *See Teal v. State*, 230 S.W.3d 172, 179–80 (Tex. Crim. App. 2007); *see also Layton v. State*, No. 05-17-01120-CR, 2018 WL

3198585, at *1 (Tex. App.—Dallas June 29, 2018, no pet.) (mem. op., not designated for publication).

In his second issue, appellant argues the trial court's sentence for the solicitation to commit capital murder charge violates due process because it exceeds the maximum punishment for the offense charged by the indictment. The trial court sentenced appellant to life imprisonment. Appellant asserts the body of the indictment fails to allege a first-degree solicitation of capital murder because it does not state the victim is within a special class of individuals, which is a necessary allegation to elevate retaliation-murder to retaliation-capital-murder. Therefore, appellant argues, the indictment only alleges a second-degree solicitation for murder, and the maximum punishment for a second-degree felony is 20 years' incarceration. Appellant cites no legal authorities to support any argument in his second issue, including the statutory maximum sentences for solicitation of capital murder and second-degree felonies. Because our briefing rules require an appellant to provide citations to authorities to support the contentions made and appellant fails to do so, we conclude his second issue presents nothing for our review. *See* TEX. R. APP. P. 38.1(i).

We also note appellant verbally acknowledged during the plea hearing that he understood the judge had the authority to sentence him to life in prison; he made the same acknowledgement in writing when he signed the trial court's written admonitions. Appellant's sentence is within the statutory range for a first degree felony. *See* TEX. PENAL CODE § 12.32(a).

**B. Modification of Judgments**

In his third issue, appellant requests we modify the judgments in trial court cause numbers 199-83866-2017 and 199-83868-2017 to reflect the sentences orally pronounced in each case. The State agrees the judgments should be modified.

Appellate courts may modify a trial court's judgment and affirm it as modified. See TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). This Court "has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, writ ref'd). Appellate courts may reform trial court judgments where "the evidence necessary to correct the judgment appears in the record." *Id*. If a clerical error in the trial court's judgment is brought to our attention, we have a "mandatory duty" to correct it. *Id*. Where, as here, ""there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls." *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004)

The trial court pronounced a sentence of ten years' incarceration in its cause numbers 199-83866-2017 and 199-83868-2017. However, the judgments in each of those cases show a sentence of twenty years' incarceration. Because we have the necessary information, we modify the judgments in trial court cause numbers 199-83866-2017 and 199-83868-2017 to show the trial court sentenced appellant to ten years' incarceration in each case. We sustain appellant's third issue.

We also modify the judgment in trial court cause number 199-84131-2017. Appellant pleaded guilty to solicitation to commit capital murder for retaliation, but the object of his retaliation was a prosecutor and not a judge. Therefore, we modify the judgment in trial court cause number 199-84131-2017 to change the entry titled "Offense for which Defendant Convicted" from "SOLICIATION TO COMMIT CAPITAL MURDER FOR RETALIATION JUDGE/JUSTICE" to "SOLICIATION TO COMMIT CAPITAL MURDER FOR RETALIATION.

### C. Conclusion

We modify the judgments in trial court cause numbers 199-83866-2017 and 199-83868-2017 to show the trial court sentenced appellant to ten years' incarceration in each case and affirm as modified.  We also modify the judgment in trial court cause number 199-84131-2017 to change the entry titled "Offense for which Defendant Convicted" from "SOLICIATION TO COMMIT CAPITAL MURDER FOR RETALIATION JUDGE/JUSTICE" to "SOLICIATION TO COMMIT CAPITAL MURDER FOR RETALIATION, and affirm as modified.  We affirm the judgments in the remaining five cause numbers.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
181437F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DANIEL BARRY STEFFEN, Appellant

No. 05-18-01437-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-83863-2017.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 27th day of February, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

DANIEL BARRY STEFFEN, Appellant

No. 05-18-01438-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-83864-2017.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 27th day of February, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

DANIEL BARRY STEFFEN, Appellant

No. 05-18-01439-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-83865-2017.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 27th day of February, 2020.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DANIEL BARRY STEFFEN, Appellant

No. 05-18-01440-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-83866-2017.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

As the "Punishment and Place of Confinement," we **DELETE** the words "20 YEARS INSTITUTIONAL DIVISION, TDCJ."
As the "Punishment and Place of Confinement," we **ADD** the words "10 YEARS INSTITUTIONAL DIVISION, TDCJ."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 27th day of February, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

DANIEL BARRY STEFFEN, Appellant

No. 05-18-01441-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-83867-2017.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 27th day of February, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DANIEL BARRY STEFFEN, Appellant

No. 05-18-01442-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-83868-2017.
Opinion delivered by Justice Nowell. Justices Partida-Kipness and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

As the "Punishment and Place of Confinement," we **DELETE** the words "20 YEARS INSTITUTIONAL DIVISION, TDCJ."
As the "Punishment and Place of Confinement," we **ADD** the words "10 YEARS INSTITUTIONAL DIVISION, TDCJ."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 27th day of February, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

DANIEL BARRY STEFFEN, Appellant

No. 05-18-01443-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-83869-2017.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 27th day of February, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DANIEL BARRY STEFFEN, Appellant

No. 05-18-01444-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-84131-2017.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

As the "Offense for which Defendant Convicted," we **DELETE** the words "JUDGE/JUSTICE." The "Offense for which Defendant Convicted is "SOLICIATION TO COMMIT CAPITAL MURDER FOR RETALIATION."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 27th day of February, 2020.