

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00049-CR

SAMONDRE JAQUAN LEWIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 21F0787-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Samondre Jaquan Lewis pled guilty to attempted evading arrest with a motor vehicle. Pursuant to a plea-bargain agreement with the State, the trial court placed Lewis on deferred adjudication community supervision for five years and, among other things, ordered him to pay a $2,500.00 fine. The State alleged that Lewis violated the terms and conditions of his community supervision by committing thirty-two counts of terroristic acts in Arkansas and moved to adjudicate his guilt. The trial court found the allegations in the State's adjudication motion true, adjudicated Lewis's guilt, and sentenced him to two years' confinement in state jail. The trial court's written judgment also ordered Lewis to pay the $2,500.00 fine.

On appeal, Lewis argues that the evidence is insufficient to prove that he was aware of the terms and conditions of his community supervision before committing the Arkansas offenses. He also argues, and the State concedes, that the fine must be deleted because it was not orally pronounced and that the judgment should be modified to reflect Lewis's plea of not true to the State's allegations. We find that sufficient evidence showed that Lewis was aware of the terms and conditions of his deferred adjudication community supervision when he violated them by committing the Arkansas offenses. However, we sustain Lewis's remaining points and modify the trial court's judgment by deleting the fine and by changing the plea reflected in the judgment to not true. As modified, we affirm the trial court's judgment.

## I.     Sufficient Evidence Supported the Finding that Lewis Violated the Terms and Conditions of His Deferred Adjudication Community Supervision

Lewis does not argue that the evidence was insufficient to show that he committed the Arkansas offenses on July 25, 2021, as alleged by the State's motion to adjudicate his guilt.

2

Instead, he argues that the terms and conditions of his community supervision, which included the requirement to refrain from criminal activity, were "only imposed upon Lewis on July 6, 2021," by an order signed on July 22, "and the record does not reflect when Lewis was notified" of those terms and conditions. As a result, Lewis contends that "we cannot assume that Lewis was aware of [the] condition" to refrain from committing new offenses. We disagree.

At the July 6 hearing placing Lewis on deferred adjudication community supervision, the trial court established that Lewis had signed plea paperwork containing the terms and conditions of his community supervision. The trial court's questioning also showed that Lewis had reviewed the documents with his attorney and understood them. The plea papers were filed in the clerk's record and showed that, on July 6, Lewis signed paperwork explaining that he was to, among other things, "[c]ommit no other criminal offenses." We find that Lewis was aware of the term and condition violated by his commission of the Arkansas offenses on July 25, and we overrule his first point of error.

## II.    We Sustain Lewis's Remaining Points of Error

In his last two points of error, Lewis argues (1) that the trial court improperly imposed the $2,500.00 fine because it was not pronounced at sentencing, and (2) that the judgment incorrectly states that he pled true to the State's adjudication motion. The State concedes both issues, and we agree that the judgment must be modified since "the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.— Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993)).

3

The trial court imposed a $2,500.00 fine in its order of deferred adjudication but did not orally pronounce any fine when it adjudicated Lewis's guilt. Nevertheless, a $2,500.00 fine was included in the written judgment adjudicating guilt.[1] "[W]hen an accused receives deferred adjudication, no sentence is imposed." *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). If guilt is subsequently adjudicated, "the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine." *Id.* Since fines are punitive and intended to be a part of the defendant's sentence, they "generally must be orally pronounced in the defendant's presence." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (citing TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a); *Taylor*, 131 S.W.3d at 500). When there is a conflict between the oral pronouncement of sentence in open court, which includes any imposition of a fine, and the written judgment, the oral pronouncement controls. *See Taylor*, 131 S.W.3d at 502 (citing *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003)). Here, since the trial court did not orally pronounce a fine at sentencing, we find that the assessment of a fine in the judgment adjudicating guilt was improper. As a result, we delete the fine from the judgment.

Next, the trial court's judgment states that Lewis pled true to the State's allegations in its motion to adjudicate guilt. However, a review of the reporter's record shows that Lewis entered a plea of not true. Consequently, we modify the trial court's judgment to reflect the proper plea.

---

[1]The fine was not included in the statement of costs.

4

**III.    Conclusion**

We modify the trial court's judgment by deleting the $2,500.00 fine and by showing that Lewis pled not true to allegations in the State's motion to adjudicate guilt.  As modified, we affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:     October 5, 2023
Date Decided:       October 6, 2023

Do Not Publish