

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00174-CR

———————————————

ERIC FOBBS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1648121

---

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

## I. INTRODUCTION

A jury found Appellant Eric Fobbs guilty of two counts of sexual assault of a child (Counts One and Three), *see* Tex. Penal Code Ann. §§ 22.011(a)(2)(A), (C), and two counts of indecency with a child by sexual contact (Counts Four and Five), *see id.* § 21.11(a)(1).[1] At the punishment trial, the trial court found true that Fobbs had previously been convicted of sexual assault of a child under fourteen and indecency with a child by sexual contact; sentenced Fobbs to life imprisonment for Counts One, Three, Four, and Five; and ordered the sentences to run concurrently.[2] *See id.* § 12.42(c)(2)(A), (B)(ii).

On appeal, Fobbs brings two points. First, he argues that the trial court erred by admitting character-and-propensity evidence under Section 2 of Article 38.37 of the Texas Code of Criminal Procedure because that provision is unconstitutional as it violates his due process rights. *See* Tex. Code Crim. Proc. Ann. art. 38.37, § 2. Second, he contends that the judgment for Count Three incorrectly identifies his offense as indecency with a child by sexual contact and should be modified to reflect that the Count-Three offense was sexual assault of a child.

---

[1]The jury found Fobbs not guilty of Count Two—another count alleging sexual assault of a child.

[2]The judgment for Count One also reflects a $100 fine. The trial court, however, never assessed a fine when orally pronouncing Fobbs's sentences.

We have previously addressed and rejected Fobbs first point, so we overrule it based on our earlier authority. We agree with Fobbs's second point, so we sustain it and modify the Count-Three judgment to correctly reflect that Fobbs was convicted of sexual assault of a child. Additionally, having noted clerical error in the Count-One judgment (it erroneously includes a fine), we modify it to correct the clerical error. As modified, we affirm the Count-One and Count-Three judgments. We affirm the Count-Four and Count-Five judgments.

## II. BACKGROUND

The State alleged that Fobbs had committed numerous sexual offenses against the daughter of the woman with whom Fobbs was living. Because Fobbs does not contest the sufficiency of the evidence to prove his guilt for any of the charges at issue, we need not detail the facts leading to his convictions. When proving up its cases against Fobbs, citing Article 38.37, the State introduced—over Fobbs's objections that Section 2 of Article 38.37 was unconstitutional—the testimony of two witnesses who asserted that in the 1990s, Fobbs had committed sexual offenses against them. *See id.* Both were the daughters of a different woman with whom Fobbs was then living. *See id.*

## III. DISCUSSION

### A. Constitutionality of Section 2 of Article 38.37

Regarding Fobbs's first point, we have previously addressed the constitutionality of Section 2 of Article 38.37 and ruled that it was constitutional.

3

*Perez v. State*, 562 S.W.3d 676, 686–89 (Tex. App.—Fort Worth 2018, pet. ref'd). We thus overrule Fobbs's first point.[3]

## B. Clerical Error in the Count-Three Judgment

In Fobbs's second point, he correctly notes that in Count Three, the jury found him guilty of sexual assault of a child but that the judgment incorrectly reflects that he was found guilty of indecency with a child by sexual contact. The State agrees that the judgment is incorrect and should be modified.

We may correct clerical errors. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Turner v. State*, 626 S.W.3d 88, 101 (Tex. App.—Dallas 2021, no pet.). We sustain Fobbs's second point and modify the judgment for Count Three to reflect that Fobbs was convicted of sexual assault of a child.

## C. Clerical Error in the Count-One Judgment

We have noted clerical error in the Count-One judgment; namely, it incorrectly reflects that the trial court assessed a $100 fine. The record, however, shows that when sentencing Fobbs, the trial court did not include any fines. The written judgment must comport with the oral sentence. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Shuler v. State*, 650 S.W.3d 683, 686 (Tex. App.—Dallas 2022, no pet.).

---

[3]In his brief, Fobbs acknowledges that we have previously ruled against his argument. But he also correctly notes that the Texas Court of Criminal Appeals has yet to rule on this issue and that he must present it to us to preserve it for further review.

4

We have the power to make the record speak the truth and to correct a judgment when we have the necessary information to do so. *Blair v. State*, No. 02-23-00073-CR, 2024 WL 123594, at *4 (Tex. App.—Fort Worth Jan. 11, 2024, no pet.) (mem. op., not designated for publication); *Turner*, 626 S.W.3d at 101. Should a judgment improperly reflect the sentence that the trial court orally pronounced, the proper remedy is to reform the judgment. *See Shuler*, 650 S.W.3d at 686; *Rodgers v. State*, No. 02-18-00383-CR, 2019 WL 4010231, at *3 (Tex. App.—Fort Worth Aug. 26, 2019, pet. ref'd) (mem. op., not designated for publication) ("[T]he judgment adjudicating guilt reflects a $191.68 fine that was not pronounced by the trial court when it sentenced [the a]ppellant. This is a clerical error."). Accordingly, we delete the $100 fine in the Count-One judgment. *See Kibler v. State*, No. 02-23-00049-CR, 2024 WL 1100481, at *3 n.8, *4 n.9 (Tex. App.—Fort Worth Mar. 14, 2024, no pet.) (mem. op., not designated for publication).

## IV. CONCLUSION

We overrule Fobbs's first point, sustain his second point complaining of clerical error in the Count-Three judgment, and hold that the Count-One judgment contains clerical error.

Accordingly, for the Count-One judgment, we delete the $100 fine, modify the Count-One judgment to reflect that no fine was assessed, and affirm the Count-One judgment as modified.

5

For the Count-Three judgment, we delete the portion of the judgment identifying the offense as indecency with a child by sexual contact, modify the judgment to reflect that Fobbs was convicted of sexual assault of a child, and affirm the Count-Three judgment as modified.

We affirm the Count-Four and Count-Five judgments.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  May 23, 2024