**Opinion issued May 12, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00148-CR

———————————

**BRADLEY ALLEN EVERLINE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1712878**

---

## MEMORANDUM OPINION

A jury convicted Bradley Allen Everline of indecency with a child by sexual contact.[1]  After finding one enhancement paragraph true, the trial court sentenced Everline to 15 years in prison.

---

[1]    *See* TEX. PENAL CODE § 21.11(a)(1).

In one issue, Everline argues that the $100 Child Abuse Prevention Fine should be stricken from the trial court's judgment because it is a fine that was not orally pronounced by the trial court at sentencing. The State agrees, as do we. Accordingly, we modify the trial court's judgment to remove the Child Abuse Prevention Fine and affirm the judgment as modified.

**Child Abuse Prevention Fine**

The $100 fine of which Everline complains—the Child Abuse Prevention Fine—was assessed by the trial court pursuant to article 102.0186. TEX. CODE CRIM. PROC. art. 102.0186. The "Cost Act," which became effective on January 1, 2020, amended this article to, among other things, reclassify this $100 fee as a fine, rather than a court cost. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 2.40, 5.04, 2019 Tex. Gen. Laws 3981, 4006, 4035; *see also Rodriguez v. State*, — S.W.3d —, No. 01-23-00721-CR, 2025 WL 1373693, at *15–16 (Tex. App.—Houston [1st Dist.] May 13, 2025, pet. ref'd). Although Everline committed the offense of indecency with a child in 2018—before the effective date of the Cost Act—he was convicted *after* its effective date, on February 7, 2025. Because he was convicted after the effective date of the Cost Act, its provisions reclassifying the Child Abuse Prevention Fee as a fine rather than a court cost apply here. *See Bradshaw v. State*, 707 S.W.3d 412, 416–20 (Tex. Crim. App. 2024); *Rodriguez*, 2025 WL 1373693, at *15–16.

Fines, unlike court costs, are punitive in nature and are therefore properly included in a defendant's sentence. *See Anastassov v. State*, 664 S.W.3d 815, 820 (Tex. Crim. App. 2022). And a defendant's sentence, which includes any fine imposed, must be orally pronounced in the defendant's presence. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). "When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls." *Taylor*, 131 S.W.3d at 500.

Here, there is no dispute that Everline's conviction occurred after the effective date of the Cost Act, meaning that the Child Abuse Prevention Fine is classified as a fine and should have been orally pronounced at sentencing. *See Rodriguez*, 2025 WL 1373693, at *16. It was not. Therefore, we hold that, because the trial court did not orally pronounce a fine as part of Everline's sentence and the oral pronouncement controls over the judgment, the $100 Child Abuse Prevention Fine was improperly included in the written judgment. *See id.*

We have the authority to modify and reform a judgment when the necessary information is available to do so. TEX. R. APP. P. 43.2(b); *see Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Because the Child Abuse Prevention Fine was not orally

pronounced by the trial court at sentencing, we modify the trial court's judgment to strike this $100 fine.

## Conclusion

We affirm the trial court's judgment of conviction as modified.


Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Guerra and Guiney.

Do Not Publish. TEX. R. APP. P. 47.2(b).