

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00764-CR

James **ROSS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-CR-008733
Honorable Stephanie R. Boyd, Judge Presiding

Opinion by:     Adrian A. Spears II, Justice

Sitting:         Lori I. Valenzuela, Justice
                 Adrian A. Spears II, Justice
                 Velia J. Meza, Justice

Delivered and Filed: May 13, 2026

AFFIRMED AS MODIFIED

James Ross appeals from the trial court's judgment revoking his community supervision, arguing that the judgment must be modified to delete a fine not orally pronounced at sentencing. We modify the judgment revoking community supervision to delete the assessment of the fine and affirm the judgment as modified.

On February 13, 2025, the trial court found James Ross guilty of possessing a controlled substance, methamphetamine, in an amount of four grams or more, but less than 200 grams. The

trial court also found the enhancement allegation in the indictment to be true and sentenced Ross to eight years of imprisonment and a $2,000.00 fine. The trial court then suspended the sentence and fine, and placed Ross on community supervision for nine years.

On July 11, 2025, the State filed a motion to revoke Ross's community supervision. On October 27, 2025, at the revocation hearing, Ross pled true to the State's allegation that he illegally used amphetamines and cocaine on or about May 1, 2025. The trial court found the State's allegation to be true and revoked Ross's community supervision. It then orally pronounced Ross's sentence as four years of imprisonment and a fine of $2,000. The trial court then corrected itself, stating that it had given an illegal sentence that was not within the range of punishment:

> The Court is making a correction to your sentencing because the sentence the Court gave you was an illegal sentence. The State did plead in the original case on the enhancement. So, instead of the range of punishment being two to 20 years, it's a first degree felony and your range of punishment is anywhere from five to 99 years or life. So, the Court is going to sentence you to the five years, which is the minimum sentence.

The trial court's judgment revoking community supervision reflected a sentence of five years of imprisonment, but also assessed a fine of $2,000.00.

On appeal, Ross argues that the trial court's judgment revoking community supervision must be modified to delete the assessment of the fine because the trial court did not include such a fine when it orally pronounced its sentence. Ross notes that the trial court was authorized to correct the sentence so that it was within the range of punishment. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (explaining that "[a] sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal" and that "[t]here has never been anything in Texas law that prevented any court with jurisdiction over a criminal case from noticing and correcting an illegal sentence"). However, because there is conflict between the judgment revoking community supervision and the oral pronouncement, Ross argues the written

judgment must be modified to conform to the oral pronouncement of sentence by deleting the assessment of the fine.

"A defendant's sentence must be pronounced orally in his presence." *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). "The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement." *Id*. "When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls." *Id*.

In its brief, the State concedes that based on this law, the judgment revoking community supervision must be modified to delete the assessment of the fine. *See id*. at 502 (holding that because "the judge did not orally pronounce a fine, but included a fine within the written judgment," the judgment should be modified to delete assessment of the fine). We therefore modify the judgment revoking community supervision to delete the fine and affirm the judgment as modified. *See* TEX. R. APP. P. 43.2(b).

Adrian A. Spears II, Justice

DO NOT PUBLISH